Fretwell *vs.* Morrow.

No. 49.—Leonard Fretwell, plaintiff in error, *vs.* Doe *ex dem.* David Morrow, defendant.

[1.] Where a Sheriff sells land under execution, and goes out of office before executing a title to the purchaser, his successor in office may execute a title to such purchaser, without an order of Court.

[2.] Where a Constable levies a Justice's Court *fi. fa.* upon land, and delivers the same over to the Sheriff, for the purpose of sale, as provided in the Act of 1811, such Sheriff is *lawfully seized* of the land, to sell the same and to convey title to the purchaser thereof.

[3.] When reasonable diligence has been used in searching for a paper in those places where, by law, it may be presumed to have been deposited, if in existence, and by making inquiries of those persons who may be legally presumed to have the custody of it, without success, its loss or destruction will be presumed, especially with regard to papers appertaining to a Court, or connected with the official duties of public officers.

Ejectment, in Newton Superior Court.    Tried before Judge Floyd, March Term, 1849.

Upon the trial of this cause, the defendant in error offered in evidence a deed to the premises in dispute, made by one John Smith, as Sheriff of Newton County.    This deed recited, that " Whereas, in obedience to a writ of *fieri facias*, issued out of the Justices' Court of the County of Newton, at the suit of Isaac Benham against Jesse Morrow, Alfred Livingston, former Sheriff of the County aforesaid, did lately seize the lot or parcel of land," &c.

This deed was objected to—

1st. Because there was no order of Court directing Smith, the successor of Livingston, to execute a deed to land sold by Livingston.

2d. Because the deed was invalid, because it recited that the former Sheriff *seized* and sold the land under a Justice's Court *fi. fa.*

3d. Because there was no *fi. fa.* accompanying the deed by virtue of which the land was sold.

The Court overruled the two first objections, and required the defendant in error to produce the *fi. fa.* or account for its loss.

The defendant in error then exhibited to the Court, the docket of the Magistrate of the district in which Morrow lived previous

Fretwell *vs.* Morrow.

to the date of the deed, which docket contained three cases against Morrow, in favor of Benham, in which judgments had been entered and *fi. fas.* issued; also, *two fi. fas.* neither of which had a levy of the land upon it. The defendant in error also proved by Williamson and Clark, that they had made search in the Clerk's and Sheriff's offices, and could not find the other *fi. fa.*; that they had also called on the Magistrates who entered the judgments, and also the Bailiff who lived in the district where the land lay, and the Sheriff in office at the time of the sale, without any success.

Upon this showing, the Court admitted the deed in evidence; and these several decisions are alleged to be erroneous.

JONES & LAMAR, for plaintiff in error, cited—

*Doe ex dem. Vaughn vs. Biggers*, 6 *Ga. Rep.* 188. *Doe ex dem. Clements vs. Henderson*, 4 *Ga. Rep.* 148. *Hopkins vs. Burch*, 3 *Kelly's Rep.* 222.

CLARK, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The first objection to the decision of the Court below is, that the Sheriff's deed, executed by John Smith, as Sheriff of Newton County, who was the successor in office of Alfred Livingston, who sold the land at Sheriff's sale, was allowed to be read in evidence, without first showing an order of the Court, directing Smith, as the successor in office of Livingston, to execute the deed to the purchaser of the land. The lot of land was sold by Livingston, under execution, while in office, who failed to execute a title to the purchaser. Smith, the successor of Livingston, executed a deed to the purchaser after coming into office. It is said Livingston's successor could not do this without an order of Court. The 48th section of the Judiciary Act of 1799, answers the objection. By that section of the Act it is declared, "that the succeeding Sheriff *shall make titles to the purchasers for all property sold under execution and not conveyed by his predecessor*. *Prince*, 431.

The Act is *mandatory* in its terms, and an order of the Court

could not enlarge or increase the duty and obligation of the succeeding Sheriff, to make a title to land sold by his predecessor to the purchaser.

[2.] The next objection to the Sheriff's deed being read in evidence is, that it is invalid, inasmuch as it recites that the former Sheriff *seized* and sold the land under a Justice's Court *fi. fa.* and that a Sheriff has no authority to seize property under a Justice's Court *fi. fa.* By the 18th section of the Act of 1811, Constables are authorized to levy Justice's Court *fi. fas.* upon land, and deliver over the same to the Sheriff of the County, with a return of the property levied on, who shall proceed to sell the same, with such formalities as are prescribed for the sale of real estates. *Prince*, 506.

When a Justice's Court execution has been duly levied on land, and delivered over to the Sheriff, according to the provisions of the Statute, the Sheriff is *lawfully seized* of the same, for all the purposes of making sale thereof. The seizin of the Sheriff necessarily results from the operation of law, to enable him to sell the property and convey the title to the purchaser.

[3.] The third objection is, that the loss of the Justice's Court *fi. fa.* under which the land was sold, was not sufficiently accounted for to dispense with its production on the trial. Did the evidence on the trial establish a *reasonable presumption* of the loss of the instrument ? We think that it did, according to the rule established by this Court, in *Doe ex dem. Vaughn vs. Biggers*, 6 *Ga. Rep.* 194.

The Magistrate's docket of the district in which Morrow, the defendant in execution, lived previous to the date of the deed, was exhibited to the Court, which contained three cases against Morrow in favor of Benham, in which judgments had been entered and executions issued; there were two *fi. fas.* shown, neither of which had a levy of the land upon it. It was also shown by Williamson and Clark, that they had made search in the Clerk's and Sheriff's offices, and could not find the other *fi. fa.*; that they had also called on the Magistrates who entered the judgments, and also the Bailiff, who lived in the district in which the land is situate, and the Sheriff in office at the time of the sale of the land, without success. Reasonable diligence was shown by the plaintiff below, to find the paper, by examining the places where, by *legal* presumption, it might be deposited, if in existence, with-

out being able to learn any thing of it, which, in our judgment, afforded a *reasonable* presumption of its loss or destruction.

Let the judgment of the Court below be affirmed.