WILCOX, GIBBS & COMPANY, plaintiffs in error, *vs.* ISAAC R. HALL, defendant in error.

1. A seller of fertilizers warrants that the article is merchantable and reasonably suited to the use intended. He warrants that it is a manure, that it is reasonably suited for giving additional capacity to land to produce a crop. The planter must determine if the fertilizer is suited to his land. The seller does not warrant against the seasons, so that, if his fertilizer fails on account thereof, the purchaser is liable.

2. The warranty that it is reasonably suited to the use intended, that it will increase the productiveness of the land, is not broken if bad cultivation or the seasons cause the loss of the crop. The purchaser is bound to use reasonable care and caution in putting out his fertilizer. To entitle the defendant to a verdict he must show clearly that his bad crops resulted from the worthlessness of the guano.

3. The opinion of a chemist, made after an analysis of the guano, is evidence to be considered, but is not conclusive of the suitableness of the guano for the purpose intended.

4. The admissions of an agent only bind the principal when made in the scope of his business as agent, and if either party relies on such admissions he must show they were made in the scope of his business.

Warranty. Sales. Evidence. Principal and agent. Admissions. Before Judge POTTLE. Oglethorpe Superior Court. October Term, 1874.

For the facts of this case, see the decision.

LUMPKIN & OLIVE, by JOHN. C. REED, for plaintiffs in error.

W. G. JOHNSON, for defendant.

WARNER, Chief Justice.

This was a proceeding instituted by the plaintiffs against the defendant to foreclose a merchant's lien for guano sold to

him. The defendant filed his counter-affidavit, alleging that the guano purchased of the plaintiffs was worthless as a fertilizer, and not reasonably suited to the use intended. On the trial of the issue between the parties, the jury, under the charge of the court, found a verdict in favor of the defendant. The plaintiffs made a motion for a new trial on the grounds contained therein, which was overruled by the court, and the plaintiffs excepted.

The main grounds of error insisted on here was the refusal of the court to charge the jury as requested, and to the charge as given. The court was requested to charge the jury: "If you believe from the evidence before you that the fertilizer bought by defendant contained the chemical ingredients which ought, with proper use under ordinary circumstances, to promote vegetation, and is such a fertilizer, then the plaintiff is entitled to recover in this case." "The law of implied warranty which requires all dealers in fertilizers to warrant them reasonably suited to the use intended, does not require the seller to guarantee results or an actual increase of production. If the evidence shows that the fertilizer sold was of such a nature and contained such elements as will reasonably produce increased production, and is such a fertilizer, the plaintiff has complied with the requirements of the law, whether in point of fact the crop of the defendant was increased by the use of the fertilizer or not." There is a great deal of evidence in the record in relation to the practical effect of the use of the guano on the defendant's crop, and although the evidence is conflicting, still, we think there is a preponderance of evidence in favor of the defendant as to the worthlessness of the particular lot of guano as a fertilizer sold by the plaintiffs to the defendant, whatever may have been the chemical ingredients of the plaintiffs' fertilizer as generally prepared by them. Practical demonstration of the value of a fertilizer, when properly used, is a much safer and better test than mere theories. The court charged the jury as follows:

"If there is no express *covenant* of warranty the purchaser must exercise caution in detecting defects; the seller, however,

Wilcox, Gibbs & Company *vs.* Hall.

in all cases, unless expressly or from the nature of the trans-
action excepted, warrants: 1st. That he has a valid title and
right to sell.   2d. That the article sold is merchantable and
reasonably suited to the use intended.   3d. That he knows of
no latent defects undisclosed.

"A seller of fertilizers warrants that the article is mer-
chantable and reasonably suited to the use intended.   He war-
rants that it is a manure, that it is reasonably suited for giv-
ing additional capacity to land to produce a crop.   The planter
must determine if the fertilizer is suited to his land.   The
·seller does not warrant·against the seasons, so that, if his fer-
tilizer fails on account of the seasons, the purchaser is liable.

"The warranty that it is reasonably suited to the use in-
tended, that it will increase the productiveness of the land, is
not broken if bad cultivation or the seasons cause the loss of
the crop.   The purchaser is bound to use reasonable care and
caution in putting out his fertilizer.   To entitle the defend-
ant to a verdict he must show clearly that his bad crops re-
sulted from the worthlessness of the guano.

"The opinion of a chemist made after an analysis of the
guano, is evidence for you to consider, but is not conclusive
evidence of·the suitableness of the guano for the purpose in-
tended.   You may look to the constituents of this guano as
shown by Dr. Means and others, to determine the value of
this manure.   You may look also to the testimony of wit-
nesses before you going to show experiments with the same kind
of guano, and practical results.   Theories may not accord with
experience.   If the testimony of witnesses, founded on ex-
periment and trial, preponderates in favor of the defendant,
and satisfies you that the article sold was not reasonably suited
for the uses intended, you ought to find for the defendant;
but if the testimony, mixed with theory and experiments with
this guano, preponderates in favor of the plaintiffs, you ought
to find for them."

The court also charged the jury, at the request of the plain-
tiffs' counsel, as follows:

"If you believe from the testimony that the fertilizer

bought by the defendant from the plaintiffs, was reasonably suited to the use intended, plaintiffs are entitled to a verdict at your hands, although it may be true that the crop of defendant was not benefited by the use of said fertilizer. In determining whether said fertilizer was really suited to the use intended you may look to all the testimony.

"The law, where there is no express contract, does not require the plaintiff to guaranty that his fertilizer is of the highest grade. It must be reasonably suited to the use intended, that is reasonable increase in the production of crops, and if you believe, under instructions already given you, that this fertilizer was such a fertilizer as would produce such increased production, then the court charges you that you may consider it reasonably suited to the use intended.

"The admissions of an agent only bind the principal when made in the scope of his business, as agent, and if either party relies on such admissions, he must show they were made in the scope of his business."

In view of the evidence contained in the record, and the previous rulings of this court in similar cases, we find no error in the charge of the court to the jury, or in refusing to charge as requested. There was no error in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.