Irby *vs.* Gardner.

Henry Irby, plaintiff in error, *vs.* Nathaniel E. Gardner, defendant in error.

(Bleckley, Judge, having been of counsel, did not preside.)

1. A sheriff's deed, duly recorded, should be admitted in evidence, without the justice court *fi. fa.* under which the land was sold, the sale having been made in 1855, and the *fi. fa.* lost.

2. Whether the deed, when admitted, covers the land in dispute or not, is a question for the jury; and if the deed, on its face, covers a lot that has not and never had any existence, and proof is made by a party to the *fi. fa.* described in the deed, and who controlled it, that defendant in *fi. fa.* was in possession of and pointed out the lot in dispute, and he went with the constable upon the lot in dispute to levy on it, the constable being dead and the sale made in 1855, the evidence of mistake either in the entry of the levy, or the deed, or both, is sufficient to carry the case to the jury, and a non-suit should not have been granted.

Evidence. Deeds. Levy and sale. Before Judge Hopkins. Fulton Superior Court. October Term, 1875.

Reported in the opinion.

William Ezzard ; John Collier, for plaintiff in error.

A. W. HAMMOND & SON, for defendant.

JACKSON, Judge.

Irby sued Gardner for lot number eighty-nine, on Calhoun street, in Atlanta, setting out in the declaration a deed from sheriff Smith, made in 1855, in which, by mistake, the deed was made for lot eighty-nine, on Collins street. The deed recited that the sale was under a justice court *fi. fa.* in favor of B. Thurmond against Lewis J. Parr and T. G. W. Creswell. The constable who made the levy was dead and the *fi. fa.* was lost; diligent search had been made for it, and it could not be found. Creswell swore that the lot eighty-nine, on Calhoun street, was pointed out by Parr, his co-defendant, he controlling the *fi. fa.*, to be levied by the constable; that the constable went on the land to levy, but he did not see him write the levy on the *fi. fa.* It was proven that no lot number eighty-nine, was on Collins street at all, and a map of the city was introduced which showed that fact, and that between eighty-nine on Calhoun and the opposite lot on Collins, but one lot intervened. The sheriff could remember nothing about it, but, aided by the deed, testified that he followed the levy. Other witnesses were sworn, to the effect that there was no such lot as number eighty-nine on Collins street. On this evidence the court rejected the deed and non-suited the plaintiff; the plaintiff excepted, and the questions are, were the rejection of the deed and the grant of the non-suit right?

1. We think that the evidence of the loss of the justice court *fi. fa.* was abundant. Search had been made for it in the sheriff's office, the justice's court office, and elsewhere, where it might possibly have been found. The deed had been recorded, it was therefore proven, and the *fi. fa.* being satisfactorily shown to have been lost, the deed ought to have been admitted to go the jury for what it was worth.

2. The deed then being admitted in evidence, the question was, did it cover number eighty-nine on Calhoun street, and the answer to that question hinged on the point, whether the

sheriff sold and the plaintiff bought that lot, and by mistake the deed was made to a lot that had no existence. The deed cannot cover number eighty-nine on Collins street, because there is not, and never was, such a lot. It is impossible that the sheriff sold a thing that did not exist. What lot does this deed then cover? That is a question for the jury. This deed shows that the sheriff sold some lot under a certain *fi. fa.* A party to that *fi. fa.*, then controlling it, swears that Parr pointed out number eighty-nine on Calhoun street; that Parr was then in possession of that lot; that he, the witness, went with the constable to this number eighty-nine on Calhoun, to levy, and while he does not know what the constable wrote on the *fi. fa.*, he went on the identical lot to levy on it. It seems, then, that some mistake was made either in entering the levy or describing the land in the deed, or both; and we think these facts sufficient, under the ruling in *Summerlin vs. Hesterly*, 20 *Georgia Reports*, 689, to carry the case to the jury, and that the Court erred in non-suiting the plaintiff. If the defendant knew nothing of all these facts and mistakes, and bought without notice, whether the plaintiff can recover the land is another question, and as it requires strong evidence to show such a mistake, and that such a deed covers this lot, whether they will believe that it does cover it, is also another question. We simply rule that the evidence is sufficient to allow the jury to pass upon the case, and not so weak as to have authorized the court to withdraw it from them.

Judgment reversed.