## McMath *vs.* Teel, administrator.

1. Where it appeared that a bond for title was produced under notice to the defendant, and that, on his death, his widow, by consent, was made a party in his stead, and stood as an heir at law claiming a benefit under the paper, it was properly admitted without proof of execution, but subject to be excluded if it subsequently appeared that she had a legal claim to the land independently of the bond.

2. The other party to the cause of action being dead, the defendant was incompetent to show that her possession was not under the bond to her husband but in her own right, that her entry was by the dead plaintiff's consent, or under a verbal gift from him, or even under a writing from him, then lost.

3. A letter is inadmissible to bind a third person in the absence of proof of authority from him to the writer to make the statements and admissions therein contained.

4. When the husband and wife enter into possession of land together in 1858, and the former subsequently, in 1870, gave his note to the plaintiff's intestate and took a bond for title from him, and held under such bond until his death, the husband during life, and his widow after his death, in the absence of any written title, was estopped from setting up an adverse title by possession even though for twenty years.

Production of papers. Evidence. Witness. Estoppel. Husband and wife. Prescription. Before Judge Crisp. Sumter Superior Court. October Adjourned Term, 1878.

Reported in the opinion.

Hawkins & Hawkins, for plaintiff in error.

B. P. Hollis; Guerry & Son, for defendant.

Crawford, Justice.

This was an action of ejectment brought by John Teel against John L. McMath; pending the suit both parties died; Alexander Teel, the administrator of the plaintiff, and Mrs. McMath, the wife of the defendant, were made parties, and the cause proceeded. After the evidence had been submitted, the jury, under the charge of the court,

retired and returned with a verdict for the plaintiff, where-upon the defendant asked for a new trial, which was refused, and she excepted.

The principal grounds relied upon for a new trial were:

1. That the court erred in admitting a bond for titles, there being two subscribing witnesses thereto, without proof of its execution, it having been brought into court under a notice served upon John H. McMath, the first defendant, before Mrs. McMath was made a party.

2. In not allowing Mrs. McMath, the defendant, to testify that she never held possession under the bond for titles, nor under her husband.

3. In not allowing a letter of October, 1875, to Mrs. McMath, to be read in evidence, upon her testifying that she received it by due course of mail, that it was the handwriting of her sister, who lived with her father, who was old and infirm, and also that of J. W. Finch, a brother-in-law of Louisa Teel, the writer, who said that according to the best of witness' opinion it was her handwriting.

4. That the court erred in charging the jury, that if the defendant was a married woman and entered the possession with her husband, she could not, without written title, set up possession in herself. And although they went in possession over twenty years ago, if afterwards her husband took a bond for titles, *he* is estopped from denying plaintiff's title, and *she* is estopped as the possession of the husband is the possession of the wife.

5. That if McMath took a bond for titles from Teel, although he was then in possession, his possession afterwards was under the bond, and so was hers, and they were both estopped.

6. That if McMath was estopped, and he and his wife entered without written title, and McMath took a bond for titles from Teel, then he is estopped and she is estopped, and if these facts appear you ought to find for the plaintiff.

1. The error complained of in the first ground, that the bond was illegally admitted in evidence, does not fall within

the very letter of section 3836 of the Code. That section provides that the production of the paper by the *opposite party*, dispenses with the proof of execution if he claims a benefit under it. In this case the paper was produced under a notice to the husband, John L. McMath, before Mrs. McMath was substituted as the defendant on account of his death, and if he had still been the defendant instead of his wife, no question would have been raised as to its admissibility.

*When the bond for titles was offered,* and the statement made as to the manner in which it was brought into court, nothing appeared to the judge except that it came from the hands of the defendant McMath; and that, by consent, Mrs. McMath had come in after his death, was made a party in his place and stead, and stood as an heir at law claiming a benefit under the bond which her husband had produced under a legal notice.

We think that as the case stood at that time, the bond was admissible, subject to be ruled out if afterwards it should be made to appear that she had a legal claim to the land outside of, and independently of, his bond for titles. No such title being shown afterwards, the bond remained in evidence properly for the consideration of the jury.

2. Was Mrs. McMath, the defendant, a competent witness to testify as to any matter of fact affecting the title of John Teel, the original plaintiff, and who was then dead? She desired to set up title in herself by showing twenty years possession adverse to his title, that her possession was not under the bond for titles to her husband but in her own right. To have allowed her to have shown that her entry was by his consent, or under a verbal gift, or even under a paper writing from him, then lost, would have been allowing her to testify in her own behalf, when the other party to the contract and cause of action was dead, and squarely in the very face of the evidence act of 1866. She was properly excluded from the stand. 42d *Ga.*, 120 ; 44 *Ib.*, 51.

3. In the matter of the ruling upon the admissibility of

the letter offered, the ground of exclusion no doubt was, not because the handwriting of Louisa Teel was not sufficiently proven, but because there was no proof of her authority from him to write as she did in reference to this land. To have bound him by a letter, which it was not claimed that he wrote, made it indispensable that his authority therefor should have been shown; in its absence, therefore, the court was clearly right on the law in holding it inadmissible. 47 *Ga.*, 99.

4, 5, 6.    These grounds all involve the same legal questions in effect, and therefore may be considered together. Admitting the facts to be that John L. McMath and his wife, the defendant, went into the possession of this land together in 1858, and so remained until 1870, and then that McMath gave his note for $750.00 and took a bond for titles from John Teel, which is the undisputed testimony in the record, was the charge of the judge wrong?

The husband in this state is the head of the family, the wife's legal existence is merged in his, except for her protection or benefit, or for the preservation of public order. Code, §1753. When these parties therefore entered upon this land and took possession of it, nothing else appearing, the wife was utterly unknown to the law in the matter of the possession; and being in 1858, if the father had said or done anything towards · making her a gift of it, unless it was in writing, and the marital rights of the husband excluded, they would have attached and the possession would have been his.

Therefore, where the instructions given by the court to the jury were, that she could not, without some written title, set up possession in herself, even though she might have gone in twenty years ago; that if afterwards, in 1870, her husband took a bond for titles and gave his note for the land, then they were both estopped; that although he may have been in possession before that time, yet if he took the bond and remained in afterwards under it, then he was estopped; that if he were estopped, and she entered with him without

a title, that she too was estopped, and if those facts were made to appear, then they ought to find for the plaintiff, we think that they were such instructions as the law and the evidence justified and should have been given.

Judgment affirmed.