SWEENEY *v.* SWEENEY, administratrix, and *vice versa.*

1. Where on the trial of an action for the recovery of land, brought by one who claimed to have purchased the same at a sheriff's sale, against the defendant in the execution under which it was sold, the plaintiff introduced in evidence the sheriff's deed, accompanied by an exemplification of a valid judgment against the defendant, and proof of the loss of the execution issuing therefrom, a prima facie case of title in the plaintiff was made out, and it was erroneous for the court to charge the jury that the sheriff's deed could be considered only as color of title.

(a) A judgment rendered by the court in 1869, in a suit on an unconditional contract in writing, where no issuable defense was filed under oath, in all respects regular except that it was not signed by the judge, is valid if entered on the minutes of the court and they are signed by the judge; and, in the absence of any proof to the contrary, it will be presumed that the judge signed the minutes.

(b) Sufficient evidence was introduced in this case to raise a reasonable presumption that the execution was lost, and to show due diligence in searching for it.

(c) The recitals in a sheriff's deed, of the execution and the seizure and sale of the property by virtue thereof, are, when the execution is lost, prima facie evidence of the truth of such recitals.

2. The declarations of an agent, who is in possession of realty merely to manage and care for the same, are not admissible in evidence against the principal to disparage his title.

3. Where evidence is objected to as a whole, and some parts of it are admissible, it is not erroneous to overrule the objection.

4. A judgment abating an action upon the ground that the plaintiff had brought the same without having paid the costs which had accrued in a previous suit, involving the same subject-matter and against the same defendant, which had been begun and dismissed by him, is no bar to the bringing of a third suit for the same cause of action and against the same defendant, if, before instituting the last proceeding, the plaintiff has paid all the costs which had accrued in the two previous suits.

Submitted October 13, — Decided November 28, 1903.

Ejectment etc.   Before Judge Felton.   Bibb superior court. August 11, 1903.

*M. W. Harris* and *J. R. Cooper,* for plaintiff.

*W. J. Grace* and *J. L. Anderson,* for defendant.

FISH, P. J. Miles Sweeney brought ejectment, to the April term, 1901, of Bibb superior court, against Mary Maloy, for certain realty in the city of Macon. As ancillary to this action, he brought to the same term and against the same defendant an equitable petition for injunction and receiver, in which he set forth the title upon which he relied for a recovery. Pending the suits the defendant died, and Kate I. Sweeney, administratrix on her estate, was made party defendant. On the trial the two actions were consolidated and tried as one. The plaintiff introduced the following documentary evidence: (1) An exemplification of the minutes of Bibb superior court, showing the following judgment:

"Patrick Fleming *vs.* John & Mary Maloy. Complaint. No issuable plea under oath having been filed in this case: It is ordered that plaintiff have judgment against defendants, John Mulloy and Mary Mulloy, for the sum of three hundred dollars principal, with interest from August 22nd, 1867, and costs of suit. By the Court, June 14th, 1869. Whittle & Gustin, plaintiff's attys."

(2) An exemplification of the execution docket of such court, showing an entry thereon of the execution issued upon such judgment and its delivery to Martin, sheriff, on August 7, 1869. (3) A sheriff's deed, dated May 7, 1873, and duly recorded, executed by George F. Cherry, sheriff of Bibb county, to Miles Sweeney, to the premises in dispute, consideration $250. This deed recited that James Martin, late sheriff of Bibb county, on August 9, 1869, levied the execution above referred to upon the land in dispute, and that George F. Cherry, sheriff, sold it in pursuance of such levy. The deed also contained the recitals usual in sheriffs' deeds. (4) A warranty deed from Miles J. Sweeney to Patrick Sweeney, dated and recorded May 9, 1885, to the premises in dispute, consideration $256. (5) A warranty deed from Patrick Sweeney to Miles J. Sweeney to the premises in dispute, dated June 26, 1888, and duly recorded, consideration $500. The plaintiff testified that he had the execution referred to in his possession some six or seven years prior to the trial; that he did not know what had become of it; that he had made frequent and thorough searches for it, but had failed to find it. Sheriff Wescott and deputy sheriff Menard testified that they had made several searches in the sheriff's office for the execution, but it could not be found. Deputy clerk Holt testified that it could not be found in the clerk's office after

careful search. The plaintiff's contentions were, in brief, that he purchased the property in good faith, at sheriff's sale, and paid $250 for it; that he went into actual possession under the sheriff's deed and so remained, holding the property adversely, until 1885, when he conveyed the property to his brother, Patrick Sweeney, with the verbal understanding between them that Patrick should hold the title until the plaintiff should return from Ireland, where he then contemplated going for a few years; that upon his return from Ireland Patrick reconveyed the property to him, in 1888; that he remained in possession of it till 1893 or 1894, when Mary Maloy having gone into possession of part of it he sued out a warrant to dispossess her. The defendant's contentions, in substance, were, that Mary Maloy had been in the actual adverse possession of the property for more than thirty years; that plaintiff had never been in possession; that Mary Maloy furnished plaintiff with sufficient money to pay for her the claim of Patrick Fleming, and she believed he had done so; that he fraudulently had the property sold by the sheriff and took the sheriff's deed to the same, and she had no knowledge until recently that any such sale had ever been made, or that plaintiff claimed to own any interest in the property. Evidence was submitted by both parties, tending to sustain their respective contentions. There was a verdict in favor of the defendant. The plaintiff moved for a new trial, which being refused, he excepted.

1. The court charged the jury, that, inasmuch as the execution in favor of Fleming against John and Mary Maloy had not been put in evidence, the deed from Cherry, sheriff, to Miles Sweeney could be considered by them only as color of title, and that to make out a prima facie case plaintiff would have to show seven years adverse possession under such deed. In the motion for a new trial error was assigned upon this charge, and we think the exception well taken. A sale regularly made by virtue of a judicial process, issuing from a court of competent jurisdiction, conveys the title as effectually as if the sale were made by the person against whom the process issued (Civil Code, § 5446), and, in all controversies in the courts of this State, the purchaser at such a sale shall not be required to show title-deeds back of his purchase, unless it be necessary for his case to show good title in the person whose interest he purchased. Ib. § 5447. As we have seen,

the suit was brought against the defendant in execution by the purchaser at sheriff's sale, and the sheriff's deed exhibited in evidence by the plaintiff was accompanied by exemplifications showing a judgment against the defendant, the entry on the execution docket of the execution issued on the judgment, and delivery of the execution to the former sheriff, and by proof of loss of the execution. While the judgment was rendered in a suit upon an unconditional contract in writing where no issuable defense was filed on oath, yet it appears to have been rendered "by the court," and was entered on the minutes, and the presumption is, nothing to the contrary appearing, that the court did its duty by signing the minutes. The judgment was, therefore, valid. *American Mortgage Co.* v. *Hill*, 92 *Ga.* 305, and cases cited. Proof that the fi. fa. was entered on the execution docket and that the docket showed a delivery of the execution to the former sheriff was sufficient to show that the fi. fa. had existed, and the unavailing searches made for it by the sheriff, the deputy sheriff, and the clerk, as well as by the plaintiff, were sufficient to authorize the presumption that it was lost or destroyed, proof sufficient to raise a reasonable presumption of its loss or destruction being all that was necessary. *Vaughn* v. *Biggers*, 6 *Ga.* 188 (2); *Harper* v. *Scott*, 12 *Ga.* 125 (4). In *Fretwell* v. *Morrow*, 7 *Ga.* 264, where it appears that a constable levied a justice's court fi. fa. on land and delivered the execution to the sheriff, who duly sold the land, but failed to execute a deed to the purchaser, and that his successor in office subsequently executed such deed, it was held that upon proof of loss of the fi. fa. the deed was admissible in evidence. It is true that it was not expressly said that the deed was admissible as title, but such was evidently the extent of the ruling, as the deed would have been admissible as color, unaccompanied by the fi. fa., though the latter had not been lost. It has been several times held that "the sheriff's deed alone, unaccompanied by either the judgment or the fi. fa., was sufficient to constitute color of title." *Beverly* v. *Burke*, 9 *Ga.* 440; *Hester* v. *Coats*, 22 *Ga.* 58; *Hammond* v. *Crosby*, 68 *Ga.* 767. In *Watson* v. *Tindal*, 24 *Ga.* 494, it was held: "A sheriff's deed must be accompanied by the execution under which the land was sold, or the judgment upon which it issued." In *Boatright* v. *Heirs of Porter*, 32 *Ga.* 130, the following ruling was made: "A sheriff's deed being of-

fered in evidence, without the production of the execution under which the sale was made, or of any exemplification of the judgment, but it appearing that great diligence had been shown to procure both: *Held,* that the deed was properly admitted in evidence, under the circumstances, upon the faith of its own recitals." Of course, in view of the previous rulings in *Beverly* v. *Burke* and *Hester* v. *Coats,* supra, this decision meant that the sheriff's deed was admissible as title, and not merely as color. It was held in *Irby* v. *Gardner,* 56 *Ga.* 643, that " A sheriff's deed, duly recorded, should be admitted in evidence, without the justice court fi. fa. under which the land was sold, the sale having been made in 1855 and the fi. fa. lost." And it was early held by this court (*Ellis* v. *Smith,* 10 *Ga.* 253 (2), citing *Vaughn* v. *Biggers,* 6 *Ga.* 188) that the recitals in a sheriff's deed of the fi. fa. and seizure and sale of the property under it are, when the fi. fa. is lost, prima facie proof at least of the facts contained in the deed. While it may not have been expressly held that a sheriff's deed, when accompanied by the judgment only, is admissible as title, and not merely as color, there is certainly a strong intimation in several of the cases which we have cited above that such is the true rule. Be this as it may, however, there can be no doubt that where, as in this case, the sheriff's deed is accompanied by an exemplification of a valid judgment and proof of the loss of the execution, the deed is admissible as evidence of title, and not merely as color of title.

2. Complaint was made, in the motion for a new trial, of the admission in evidence, over plaintiff's objection, of a letter written January 29, 1891, by E. J. Burke for Patrick Sweeney to Mary Maloy, the contents of which, the defendants claimed, amounted to an admission by Patrick Sweeney that the land in dispute was the property of Mary Maloy at the time the letter was written. The court erred in admitting this letter in evidence. According to the testimony of Miles Sweeney, his brother, Patrick, reconveyed this property to him in 1888, after he returned from Ireland. Miles subsequently went to Ireland again, and, as he testified, left Patrick in possession of the property, as his agent, to manage and care for it while he was away, and he had not returned when the letter above referred to was written. The declarations of an agent, in the possession of property simply for the purpose of managing it and caring for it for his principal are not

admissible to show title to the property out of his principal.    **An**
essential condition upon which the admissions of an agent are
admissible against his principal is that they be made in pursuance
of the agent's power — within the scope of his authority (Civil
Code, § 5192); for if they have reference to acts which the agent
had no power to perform, or to any matter foreign to the agency,
they stand on the same level as the statements of strangers, and
are clearly inadmissible.    1 Gr. Ev. §113.    "A letter is inadmissi-
ble to bind a third person, in the absence of proof of authority
from him to the writer to make the statements and admissions
therein contained." *McMath* v. *Teel*, 64 *Ga.* 595.    "The admissions
of an agent only bind his principal when made in the scope of his
business as agent; and if either party relies upon such admissions,
he must show they were made in the scope of his business."
*Wilcox* v. *Hall*, 53 *Ga.* 635.    The only power or authority; under
the evidence, that Patrick Sweeney had in reference to the prop-
erty in dispute, at the time the letter in question was written, was
to manage and take care of it — rent it, collect the rents, keep it
insured and in repair.    So he manifestly had no power to impair
or discredit his principal's title to the property, if he had any, by
making statements in disparagement thereof.    An agent can not
dispute his principal's title.    Civil Code, § 3012.    In *Claflin* v.
*Continental Works*, 85 *Ga.* 27 (3), it was held that "while . .
[an agent] was entrusted with the possession and management of
the business [of the principal], he could use the goods so as to re-
alize some profit to his principal, but could not pay even matured
claims in goods discounted twenty-four per cent. from the cost
price marked upon them by the principal." In the opinion (page
40) it was said:    "There can be no doubt that the agent violated
his duty in admitting, upon an *ex parte* representation, that his
principal had committed such wholesale fraud, especially when
he knew so little of the latter's concerns as to be totally surprised
on hearing of the outstanding indebtedness, and when he professed
to have the intention of continuing the business.    An agent can
not deny his principal's title."    So it has been held that    "The
declarations of an agent of a vendee, whose agency is limited to
the care and custody of goods after they have passed to the pos-
session of the vendee, are not admissible in evidence to show that
the purchase of the vendee was fraudulent."    Hutchings *v.* Castle,

48 Cal. 152.   On the same line is Winchester Mfg. Co. *v.* Creary, 116 U. S. 161.   Counsel for the defendant in error contend that the letter was admissible as a declaration of a person in possession of property in disparagement of his own title.   Under the evidence, Patrick Sweeney had possession of the property merely as the agent of Miles Sweeney, and his agency was limited to managing and caring for it.   The letter contained nothing in disparagement of the title of Patrick, because he had no title when the letter was written, nor did he claim any.   While the declarations of one in possession against his interest are admissible against him and those claiming under him, the rule, as we have shown, does not apply to this case, because Patrick had no interest in the property except as agent for Miles, and the latter did not claim under the former.

3.   Error was assigned upon the admission, over plaintiff's objection, of several letters from Miles Sweeney to Patrick Sweeney. These letters, as appears from the motion for a new trial, were objected to as a whole.   Some of them, or at least portions of some of them, were clearly admissible, and therefore it was not erroneous to overrule such objection.

4.   It appears from a cross-bill of exceptions sued out by the defendant in error, that she filed a plea of res adjudicata to the present action, in which it was set forth that Miles Sweeney brought an action against Mary Maloy, returnable to the November term, 1894, of Bibb superior court, to recover the property which is the subject-matter of the present suit, in which former action, as the petition therein showed, he relied for a recovery upon the same muniments of title as in the present case; that on January 25, 1897, the former action was dismissed on motion of counsel for the plaintiff therein; that in February, 1897, Miles Sweeney brought another action for the same property against Mary Maloy returnable to the April term, 1897, of Bibb superior court, in which he again relied for a recovery upon the same muniments of title as in the present suit, the petition reciting that plaintiff had voluntarily dismissed his first petition; that to the second suit Mary Maloy filed a plea of abatement, setting up the voluntary dismissal by plaintiff of his first action, and that he had subsequently brought the second suit, involving the same subject-matter and between the same parties, without having paid the costs and ex-

penses that had accrued in the first suit; that upon this plea of abatement there was a verdict sustaining the same and a judgment entered thereon abating the second suit, and that such judgment was reviewed by the Supreme Court and was affirmed.    By consent of parties the issue raised by the plea of res adjudicata was submitted to the court for decision, without the intervention of a jury.   Upon proof of the facts set up in this plea, the court found against it.    Error was assigned upon this judgment of the court in the cross-bill of exceptions.   We see no error in the court's ruling.    The judgment abating the second suit did not bar the plaintiff from subsequently bringing the present action, after paying all the costs in the first and second suits, as the court found he had done.

*Judgment reversed on main bill of exceptions, and affirmed on cross-bill.   All the Justices concur.*