*Eschol Graham* and *A. C. Saffold,* contra.

---

## GORDON, administrator, *v.* RANSOM & LOMAX LUMBER COMPANY *et al.*

1. The court did not err in permitting a witness for the defendants, Jasper S. Bleckley, to answer the question, "If there was any irregularity, did you know anything about any irregularity in the conduct before the sale, or afterwards?" the answer being, "No, sir, I had good faith it was being sold legally and all right;" the witness having reference to the sale of the land in controversy by the sheriff at a tax sale. Good

faith here was a question of fact and material in this as to one defense, that is, title by prescription, made by the defendants to the suit.

2. Nor did the court err in admitting in evidence a certified copy of an extract from the wild land digest of Rabun County for the year 1883, in which was listed, among other lots, the lot of land sued for, over the objection that "the certified copy does not show that either the tax-collector or the tax-receiver signed it, or that any officer charged with issuing executions or collecting taxes or receiving tax returns made the list and put it on the wild land digest, or on any digest required by law, no name appearing about the entries and nothing to indicate the law was complied with in regard to such cases." The presumption is, in the absence of evidence to the contrary, that the digest had been properly made and kept, and the certified copy was made by the clerk of the court of ordinary, where the digest was deposited in accordance with law.

3. Upon proof of the loss of a tax fi. fa. recited in a sheriff's deed, the deed itself containing the usual recitals of seizure and sale under the fi. fa., the court did not err in admitting the sheriff's deed in evidence as muniment of title.

4. The recital in the deed that it was made "on the sixth day, of the year 1884," is evidently a mere clerical mistake or failure on the part of the scrivener to insert the word "May" after the word "day," as the sale took place on the first Tuesday in May, 1884.

No. 2086. FEBRUARY 19, 1921.

Ejectment. Before Judge Jones. Rabun superior court. May 8, 1920.

*Thad L. Bynum,* for plaintiff.

*A. M. Tillman, J. M. Bleckley, W. S. Paris,* and *Hall, Grice & Bloch,* for defendants.

BECK, P. J. Gordon, administrator, brought ejectment against Ransom & Lomax Lumber Company and L. S. Bleckley, to recover a tract of land described as lot of land No. 36 in the 3rd land district of Rabun County. At the conclusion of the evidence the court directed a verdict in favor of the defendants. The plaintiff made a motion for a new trial, which was overruled, and he excepted.

1, 2, 4. The rulings in headnotes 1, 2, and 4 require no elaboration.

3. The defendants in this case, after showing that the property was listed as unreturned wild land, introduced proof of the issuance and existence of the tax fi. fa. recited in the deed from the sheriff to the defendants' predecessors in title. The sheriff's deed introduced was as follows:

"Georgia, Rabun County. Whereas lot of land number thirty-six in the third land district of said county, being wild and unimproved land subject to taxation, and not having been returned for taxation nor the tax thereon paid for the year 1883, L. L. Page, tax-

collector of said county, did lawfully issue execution against said lot of wild land for State and County taxes due and payable thereon for said year, and Andrew B. Wall, sheriff of said county, did by virtue of said execution lawfully seize and levy upon said lot, and, after duly advertising the same for sale, did on the first Tuesday in May, the sixth day of the year 1884, lawfully expose the same for sale, in the manner of conducting tax sales, at public outcry before the court-house door, within the legal hours of sale, when Jasper S. Bleckley of said county, being the highest and best bidder, the same was knocked off to him at the price of thirty dollars, in hand paid. Now, therefore, the said Andrew B. Wall, sheriff as aforesaid, hereby conveys, according to law, the said lot of land to him, the said Jasper S. Bleckley, to have and to hold the same as fully and completely as the law authorizes. In witness whereof the said sheriff has hereunto set his hand and affixed his seal. This ninth day of May, 1884." The deed showed proper execution by Andrew B. Wall, sheriff of Rabun county; and the certified copy showed by entry on the back that the deed was recorded on December 31, 1898.

The failure to produce the execution itself in connection with the deed was explained by the testimony of witnesses who testified positively that they had seen the execution, had read it, and who gave the substance of its contents, which were in accordance with the recitals in the deed. It is true that one of the witnesses gave the initial of the tax-collector as L. B. Page instead of L. L. Page; but this did not make such a conflict in the testimony as required the question to be submitted to the jury. Other witnesses gave the correct name of the tax-collector, and the testimony of one witness who was mistaken as to the middle initial merely, in the name of the tax collector, made no material conflict. When the deed was introduced in evidence and proof of the execution under which the sale took place was made by uncontroverted testimony, the deed accompanied by the execution was not merely color of title, but was muniment of title. "A sheriff's deed must be accompanied by the execution under which the land was sold, or the judgment upon which it issued." *Watson* v. *Tindal,* 24 *Ga.* 494 (71 Am. D. 142). And in the case of *Ellis* v. *Smith,* 10 *Ga.* 253, it was held that " The recitals in a deed of the fi. fa. and seizure and sale of the property under it are prima facie proof at least of the facts contained in the deed." Further elaboration of the principle ruled here is

unnecessary, in view of the discussion in the case of *Sweeney* v. *Sweeney,* 119 *Ga.* 76 (46 S. E. 76, 100 Am. St. R. 159).

As to the sufficiency of the advertisement introduced in evidence, see the case of *Saunders* v. *Register,* 149 *Ga.* 286 (99 S. E. 857), where it was said: " Where wild lands unreturned for taxation are sold under a valid tax fi. fa., a defect in the advertisement of the sale of the property levied upon is a mere irregularity, and does not affect the validity of the sheriff's sale made to an innocent purchaser." As to the sufficiency of the tax execution, see *Vickers* v. *Hawkins,* 128 *Ga.* 794 (58 S. E. 44).

Upon the introduction of the deed in evidence and proof of the prior existence and of the loss of the fi. fa., title to the property in dispute was shown by uncontroverted testimony to be in the defendants; and the court did not err in directing a verdict accordingly.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents from the ruling in the third division of the opinion.*