33775.   WEST *v.* THE STATE.

Decided January 10, 1952.

*Davis, Branch & Stringer,* for plaintiff in error.

*Walter McCurdy, Solicitor,* contra.

MacIntyre, P. J. ■ "In a proceeding for the revocation of a probation sentence, the trial court has a wide discretion and only slight evidence will support a judgment of revocation. This court will not interfere unless a manifest abuse of this discretion appears." *Brooks* v. *State,* 81 *Ga. App.* 177 (58 S. E. 2d, 518); *Sparks* v. *State,* 77 *Ga. App.* 22 (47 S. E. 2d, 678); see also in this connection *Brown* v. *State,* 71 *Ga. App.* 303 (30 S. E. 2d, 783); *Waters* v. *State,* 80 *Ga. App.* 104 (55 S. E. 2d, 677).

In the instant case the court issued an order for the defendant, Floyd West, to show why the remainder of his probationary sentence should not be revoked for an alleged violation of the terms of such sentence, and whether or not the defendant had violated the terms of the probation is the issue here.

The court, after proper notice given and the introduction of evidence on the question, revoked the remainder of the probationary sentence for a violation of its terms on the ground that it appeared from the evidence that "the defendant has violated the terms of said probated sentence by being involved in the manufacture of illegal whiskies and being in possession of non-taxed paid liquor," and because there were sufficient facts and circumstances to authorize the court to believe that an unlawful conspiracy existed between the defendant and C. W. Pruitt and others to distill illegal whisky, and that C. W. Pruitt made the declaration to the witness Wright that he (Pruitt) "had carried the wood to fire the still with," it was not error to allow Wright to testify that such declaration was made to him, over the objection that it was not a part of the res gestae and that it was hearsay. While acts of each conspirator emanated from him individually, they were a part of a common purpose or design, so that the evidence of such acts is relevant after the conspiracy has been proved, and all acts done by any of the parties, before or after, in furtherance of the common design, to wit, to distill liquor illegally, are relevant; for, so far as regards the prosecution of the common design, the act of each conspirator is a part of the res gestae, and the act of all. *Daniels* v. *State,* 58 *Ga. App.* 599, 606 (199 S. E. 572). "After the fact of conspiracy shall be proved, the declarations by any one of the conspirators during

the pendency of the criminal project, shall be admissible against all." Code, § 38-306. This is true even though the person against whom the declaration is introduced is being tried separately from the person making the declaration. *Wortham* v. *State*, 184 *Ga.* 674, 679 (192 .S. E. 720). We think, therefore, that such declaration as was made by C. W. Pruitt and testified to by the witness Wright was properly admitted against the defendant on the question of the propriety of revoking his probationary sentence, as tending to establish the crime of illegally distilling whisky and the defendant's guilt thereof.

■ The defendant contends that the court erred in admitting certain documentary evidence, "reports made to the Alcohol Tax Unit, U. S. Treasury Department [Returns under Regulation 17, Alcohol Tax Unit, Internal Revenue Service, U. S. Treasury Department]," over the objection that "the reports [returns] made to the Alcohol Tax Unit were not identified by the person who made them or by any person who saw them made . . [and] there was no testimony at the hearing by anyone who had personal knowledge of the contents of the reports."

It appeared from the evidence that the returns here in question were identified as having been executed by a person required by Federal law (Regulation 17, Alcohol Tax Unit, Internal Revenue Service, U. S. Treasury Department) to execute them; that such returns were filed with the proper officer or employee of the Alcohol Tax Unit; that the custodian of such returns testified that such returns were the originals thereof and in his custody and control; and their execution was proved. Under such circumstances, the law presumes that such returns were properly executed and the information contained therein was correct. This is, however, a rebuttable presumption. In *Truluck* v. *Peeples*, 1 *Ga.* 3, it was held: "It is presumed, until the contrary is proved, that every man obeys the mandates of the law, and performs all his *official* and social duties." And this rule, in slightly different language, is reiterated in *Clements* v. *Hollingsworth*, 202 *Ga.* 684 (4a) (44 S. E. 2d, 381). In *Gordon* v. *Ransom & Lomax Lumber Co.*, 151 *Ga.* 181 (2) (106 S. E. 176), it was held: "Nor did the court err in admitting in evidence a certified copy of an extract from the wild land digest of Rabun County for the year 1883, in which was listed, among other lots,

the lot of land sued for, over the objection that 'the certified copy does not show that either the tax-collector or the tax-receiver signed it, or that any officer charged with issuing executions or collecting taxes or receiving tax returns made the list and put it on the wild land digest, or on any digest required by law, no name appearing about the entries and nothing to indicate the law was complied with in regard to such cases.' The presumption is, in the absence of evidence to the contrary, that the digest had been properly made and kept." As we have said, the presumption in the instant case is a rebuttable one but the trial court properly admitted the returns in evidence, with the right of the defendant to rebut this presumption in favor of the correctness of the returns.

■ The evidence authorized the court to find that the terms of the probationary sentence had been violated and it did not err in revoking the same.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*