## 11429.   RAMBO *v.* THE STATE.

A motion in arrest of judgment will lie where the exceptions are to a defect appearing on the face of the indictment (*Williams* v. *State,* 4 *Ga. App.* 853, 62 S. E. 525), and are to the *substance* of the indictment, and where the defect affects the *real merits* of the offense charged (Penal Code of 1910, § 980) and is such as to render the indictment *void.* *Gazaway* v. *State,* 9 *Ga. App.* 190 (70 S. E. 978).

An indictment for larceny after trust, charging the conversion of money intrusted to the defendant, which failed to charge that he "fraudulently" converted it, was absolutely void, under section 192 of the Penal Code of 1910.

DECIDED JUNE 15, 1920.

Indictment for larceny after trust; from Fulton superior court — Judge Humphries. March 14, 1920.

*Etheridge, Sams & Etheridge, Frank A. Hooper & Son,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.

BLOODWORTH, J.   H. M. Rambo was charged in the indictment "with the offense of larceny after trust, for that said accused in the county of Fulton and State of Georgia, on the 1st day of August, 1919, with force and arms, being then and there employed as a salesman and collector for the Honduras Coffee Company, a corporation, and as such employee having been entrusted by said Honduras Coffee Company with four hundred dollars ($400.00) in money, of the value of four hundred dollars and the property of the aforesaid corporation, for the purpose of accounting to and delivering to said Honduras Coffee Company said sum of money, did, after having been so intrusted, convert said sum of money to his, the aforesaid H. M. Rambo's own use, contrary to the laws of said State, the good order, peace, and dignity thereof." The defendant was tried and convicted, and made a motion in arrest of judgment, upon the ground that the indictment was fatally defective because it "fails to allege any 'fraudulent' conversion." This

motion in arrest of judgment was overruled by the trial judge, and the case was brought to this court for review.

A motion in arrest of judgment will lie where the exceptions are to a defect appearing on the face of the indictment (*Williams* v. *State,* supra) and are to the *substance* of the indictment, and where the defect affects the *real merits* of the offense charged (Penal Code of 1910, § 980) and is such as to render the indictment *void. Gazaway* v. *State,* supra. In this case the defect which appears on the face of the indictment is in its "substance," and affects "the real merits of the offense charged," for it is not alleged that the accused did "fraudulently convert," as required by section 192 of the Penal Code. The words "fraudulently convert" "are inherent in the body of the definition of the offense and can not be separated from it. Every allegation in this indictment may be true, and yet the plaintiff in error be guiltless of any violation of the law; for the facts stated do not necessarily constitute an offense by the law." *Herring* v. *State,* 114 *Ga.* 102 (39 S. E. 869). Justice Lewis, in *Keys* v. *State,* 112 *Ga.* 396 (37 S. E. 764, 81 Am. St. R. 63), said: "Indeed, so far as our research has extended, the weight of authority is based upon the idea that the gravamen of the offense of larceny after trust is the fraudulent conversion of the property of another, and therein consists the crime of larceny." Justice Little in the case of *Almand* v. *State,* 110 *Ga.* 885 (36 S. E. 216, 78 Am. St. R. 140), said: "It must be noted, however, that it takes more than this to constitute the offense with which the accused was charged [larceny after trust]. Undoubtedly the check was converted from the use to which it was intended by the owner to have been put; but it is only when a *fraudulent* conversion has been made that a criminal offense is committed." See, in this connection, *Herrington* v. *State,* 121 *Ga.* 141 (48 S. E. 908).

Under the above rulings the indictment is fatally defective, is absolutely void, and the judge erred in overruling the motion in arrest of judgment. The above being controlling, it is unnecessary to pass on the other assignments of error.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*