## 22759. BUTTS *v.* THE STATE.

HOOPER, J. 1. A motion in arrest of judgment will lie where every allegation in the indictment may be true and yet the defendant be guiltless of any violation of law. *Rambo* v. *State,* 25 *Ga. App.* 390 (103 S. E. 494), and cit.

2. An indictment charging that the accused "did attempt to maliciously kill a certain cow," the ownership and description of which was set forth, "said attempt to kill having been committed by putting Paris green in a tub of water from which the said cow was to drink," did not sufficiently allege an attempt to violate § 752 of the Penal Code, which provides that "If any person shall maliciously maim or kill any horse or cattle, or shall maliciously maim or kill a hog, he shall be guilty of a misdemeanor." The act of the defendant set forth in the indictment was not sufficient to show an attempt, but merely showed preparation for the commission of said offense. See *Peebles* v. *State,* 101 *Ga.* 585 (28 S. E. 920); *Leary* v. *State,* 13 *Ga. App.* 626 (79 S. E. 584), and cit. *Aliter* if the cow had drunk of said water or the defendant had taken steps to cause the cow to drink thereof. See *Leary* v. *State,* supra. The trial judge, therefore, erred in overruling the motion in arrest of

judgment, filed by the defendant during the same term of court at which the verdict of guilty was rendered.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED DECEMBER 22, 1932.

*M. A. Walker, G. Y. Harrell,* for plaintiff in error.
*Hollis Fort, solicitor-general,* contra.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*