31945.   SPARKS *v.* THE STATE.

DECIDED APRIL 29, 1948.

*C. C. Pittman,* for plaintiff in error.

*Warren Akin,* Solicitor-General, contra.

MacINTYRE, P. J. The plaintiff in error was indicted at the July term, 1947, of Bartow Superior Court for possessing intoxicating liquor upon which no tax had been paid. He pleaded guilty on October 3, 1947, and was sentenced to pay a fine of $150 and all costs of prosecution, and was ordered to serve 12 months in the public works camp, but was allowed to serve said sentence outside that penal institution during good behavior and conditioned upon his violating no law of this State. He was given a six-months sentence in default of payment of the fine. The fine was paid and the probation sentence began to run on October 3, 1947.

On December 16, 1947, by petition the plaintiff in error was brought before Honorable J. H. Paschall, judge of the superior court of said circuit, and after a hearing duly had as provided in Code § 27-2705, the court, after hearing the evidence for both the State and the defendant, ordered that the probation be revoked on the ground, as alleged in the petition, that the defendant had failed to comply with the terms and conditions prescribed for him in the probation sentence, by possessing, during the probation period, whisky on which the State tax had not been paid.

In a hearing of this character a violation of the conditions of probation must be established with such reasonable certainty as to satisfy the conscience of the court of the truth of the violation. It does not have to be established beyond a reasonable doubt. In such a hearing, if the evidence inclines a reasonable and impartial mind to the belief that the defendant had violated the terms of his probation, it is sufficient. A hearing of this character is not a trial on a criminal charge, but is a hearing to determine judicially whether the conduct of the defendant during the probation period has conformed to the course outlined in the order of probation. If the act which violated the probation should hap-

pen to be a criminal one, it does not thereby change the character of the hearing. The court below revoked the probation, on its finding that the defendant possessed such whisky in violation of a condition of the probation. The question is simply whether there has been an abuse of discretion by the lower court in so doing, and the answer is to be determined in accordance with the familiar principles governing the exercise of judicial discretion. That exercise implies conscientious judgment and not arbitrary action, but it takes into account the law and the particular circumstances of the case and is directed by the reason and conscience of the judge to a just result.

While probation is a matter of grace, the probationer is entitled to fair treatment and is not to be made the victim of baseless impression or caprice. *Williams* v. *State*, 162 *Ga.* 327, 328 (3) (133 S. E. 843) ; Burns *v.* United States, 287 U. S. 216 (53 Sup. Ct. 154, 77 L. ed. 266). We can not say that it was so clear and certain as to admit of no dispute that the judge erred in revoking the probation; or, to put it differently, it does not manifestly appear to this court that the lower court, acting as trior of the facts, abused its discretion in finding under the evidence that the defendant had violated his probation. *Olsen* v. *State*, 21 *Ga. App.* 795 (95 S. E. 269). No abuse of discretion appears in this case.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*