## 32318.   ALLEN *v*. THE STATE.

DECIDED FEBRUARY 1, 1949.

*Vane G. Hawkins, Early Stark,* for plaintiff in error.
*Preston M. Almand, Solicitor,* contra.

TOWNSEND, J. (After stating the foregoing facts.) The original sentence of the court prescribed no rules for the conduct of the defendant and made no provision for him to report to any probation officer. The language of the sentence with reference to probation is as follows: "It is further ordered that upon payment of the $1000 fine the jail sentence and public works sentence be served on probation until further order of court."

Section 27-2705 of the Code provides as follows: "Every person placed on probation under the provision of this law shall, during the term of his release without the confines of the chain gang, jail or other place of detention, observe all rules prescribed for his conduct by the court, report to the probation officer as directed, and maintain a correct life. In case of failure to meet any of these requirements, and at any time prior to the final disposition of the case of any probationer in the custody of a probation officer, the officer may bring him without warrant before the court or the court may issue a warrant directing that he be arrested and brought before it. When such person is brought before the court, the court after due examination may revoke its leave to the probationer to serve his sentence outside the confines of the chain gang, jail or other place of detention."

Since the sentence of the court failed to specify any particular conduct, rules or requirements for the defendant, the conditions of the probation are therefore set forth in the foregoing quoted Code section, and the case must be determined on the issue of whether or not the evidence authorized the trial judge to find that the defendant had, by reason of these facts, failed to maintain a correct life. The evidence discloses nothing which would reflect moral or legal misconduct on the part of the defendant unless it discloses that the defendant was guilty of violating a traffic law. In determining this question the trial judge is not bound by the same rules of evidence as a jury in passing upon the guilt or innocence of the accused in the first instance. It is not necessary that the evidence support the finding beyond a reasonable doubt or even by a preponderance of the evidence. The

judge is the trior of the facts. He has a very wide discretion. See *Olsen* v. *State,* 21 *Ga. App.* 795 (95 S. E. 269); *Brown* v. *State,* 71 *Ga. App.* 303 (30 S. E. 2d, 783). The evidence need only be sufficient to satisfy the judge that the defendant has violated the probation. In the instant case the evidence must be sufficient to satisfy the judge that the defendant violated a law in relation to the operation of the automobile on the occasion in question. There is no evidence to support this finding. It is a matter of common knowledge that there are thousands of automobiles on the highways of this country every moment that to the casual observer resemble each other. At most, evidence that 3 cars of the description of the defendant's car, that of his brother and that of Posey, were racing along the highway between Homer and the scene of the wreck, amounts to no more than a suspicion that the defendant was among those engaged in speeding and reckless driving. It utterly fails to constitute evidentiary facts in support of this contention. On the other hand there is the positive and unimpeached testimony of two witnesses riding with the defendant who support the defendant's statement to the effect that at no time did he engage in speeding or reckless driving anywhere between Homer and the scene of the collision. This testimony is corroborated by the testimony of the witness Wills, himself disinterested and unimpeached, to the effect that he saw the defendant standing near his car in front of Haggard's grocery between Homer and the scene of the wreck, and that a short time previously he had met a speeding car answering the description of the one being operated by Posey.

The statute guarantees to the probationer the right to due examination by the court before the probation sentence may be revoked. See *Roberts* v. *Lowery,* 160 *Ga.* 494 (2) (128 S. E. 746); *Johnson* v. *Walls,* 185 *Ga.* 177 (194 S. E. 380). Such due examination means that the probationer be given notice and an opportunity to be heard upon the question of whether he has, by his conduct, committed acts authorizing the court to revoke his probation. This right would indeed be rendered impotent if the court be permitted, after hearing the evidence, to revoke the probation on mere suspicion; especially where there is positive and uncontradicted testimony by unimpeached witnesses absolving the defendant of the slightest culpable conduct. If the rule

were otherwise than as here expressed, there would be no occasion for such due examination.

Although the trial court on a hearing for the revocation of probation has wide discretion, and although only slight evidence will support a judgment of revocation, some evidence is required. In the instant case there is no evidence to support the contentions of the State that the defendant violated a traffic law on the occasion in question and the judgment of the trial court revoking the probation is therefore error.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*