## 32646. WATERS *v.* THE STATE.

Decided October 11, 1949.

*Benjamin Zeesman,* for plaintiff in error.
*Harvey L. Jay, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Counsel for the defendant in error contends that the order of the · trial court of April 30, 1949, was never properly served upon the prisoner, and that for this reason the revocation of the probation was erroneous. It is of course necessary to the validity of an order for revocation of parole that the probationer have notice and an opportunity to be heard. *Smith* v. *Veach,* 165 *Ga.* 190 (140 S. E. 356) ; *State* v. *Thompson,* 175 *Ga.* 189 (165 S. E. 34) ; *Roberts* v. *Lowry,* 160 *Ga.* 494 (128 S. E. 746). In the latter case it was held as follows: "2. The due examination thus provided by the probation law requires that the probationer be given notice and an opportunity to be heard upon the question whether his parole shall be revoked or not."

It appears from the record that the defendant was present at the hearing and was represented by counsel, and no objection was made at that time to the effect that the notice was insufficient, either as to length of time or in any other respect, to allow counsel to prepare his defense, nor was a continuance requested for this purpose. We must therefore assume that "due notice" was in fact received by the defendant or that, in any event, the general appearance of the defendant by his counsel constituted a waiver of any irregularity therein. At law or in equity, a defendant, by appearing and pleading to the merits without excepting to the jurisdiction of the court waives any objection to the jurisdiction of his person. *Black* v. *Milner Hotels,* 194 *Ga.* 828 (22 S. E. 2d, 780).

■ Counsel for the defendant complains that the trial court, by issuing the order aforesaid on its own motion, and by questioning the witnesses during the progress of the hearing, usurped the offices of the solicitor-general and in effect conducted the prosecution of the case.

An examination of the evidence in this case does not disclose that the trial court in any way departed from his judicial functions. Code § 27-2705, after stating the conduct which must be maintained by a prisoner on probation, continues: "In case of failure to meet any of these requirements, and at any time prior to the final disposition of the case of any probationer in the custody of a probation officer, the officer may bring him without warrant before the court or the court may issue a warrant directing that he be arrested and brought before it. When such person is brought before the court, the court after due examination may revoke its leave to the probationer to serve his sentence outside the confines of the chain gang, jail or other place of detention."

The order issued by the judge amounted to a warrant arresting the prisoner, and was therefore a substantial compliance with this Code section. This section further contemplates that the examination shall be conducted by the court, or under his direction, in order that he may ascertain whether or not the probation should be revoked. There is therefore no merit in this contention.

■ Complaint is made to the method of conducting the hearing on the ground that the defendant's counsel was not allowed to complete his cross-examination of the witness Nelson, a codefendant who had likewise been ordered to show cause why his probation should not be revoked. In this respect the evidence merely discloses that counsel for the defendant asked Nelson the following question: "Before you testified were you warned that under the Constitution of the United States that you do not have to incriminate yourself?" The record shows that, following the remark of the trial court to the effect that the witness was also represented by counsel, such counsel then questioned his client along somewhat the same lines. No objection was made to this questioning, nor did the attorney for the defendant proceed with his cross-examination. It does not appear, therefore, that the right of cross-examination was in any way abridged by the court.

■ The evidence in this case was sufficient to authorize the trial court to find that the prisoner had violated the condition of his probation in that he had, subsequently to that time, violated a law of this State by selling whisky, and he was therefore authorized to revoke the probation. *Turner* v. *State*, 73 *Ga. App.* 330 (36 S. E. 2d, 200). Such revocation will not be interfered with by this court in the absence of a manifest abuse of discretion on the part of the trial judge. *Brown* v. *State*, 71 *Ga. App.* 303 (30 S. E. 2d, 783); *Olsen* v. *State*, 21 *Ga. App.* 795 (95 S. E. 269).

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*