### 33199. ATKINSON *v.* THE STATE.

Decided September 21, 1950.

A. *Russell Ross,* for plaintiff in error.
D. D. *Smith, Solicitor,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Under the provisions of Code § 27-2705, a person placed on probation shall maintain a correct life. Upon his failure to do so, the court may issue a warrant directing his arrest and, after due examination, may revoke the probation if there is any evidence that the conditions of the probation have been violated. As stated in *Allen* v. *State*, 78 *Ga. App.* 526, 528 (51 S. E. 2d, 571): "In determining this question the trial judge is not bound by the same rules of evidence as a jury in passing upon the guilt or innocence of the accused in the first instance. It is not necessary that the evidence support the finding beyond a reasonable doubt or even by a preponderance of the evidence. The judge is the trior of the facts. He has a very wide discretion."

In such cases this court will interfere only when it is apparent that there has been a manifest abuse of the court's discretion. See *Olsen* v. *State*, 21 *Ga. App.* 795 (95 S. E. 269).

The evidence as to immorality between the parties is both slight and circumstantial, but it is sufficient, when considered in connection with all the circumstances of the case, to authorize the judge in the exercise of his discretion to revoke the probationary sentence.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*