34841.  WRIGHT *v.* THE STATE.

Decided October 10, 1953.

*George Thomas*, for plaintiff in error.

*J. B. Edwards, Solicitor-General,* contra.

GARDNER, P. J. ■ The original probation sentence, signed March 11, 1953, omitting the formal parts reads:.

"1. That the defendant shall indulge in no unlawful, disorderly, dishonorable, injurious, or vicious habits, or conduct, and shall avoid places or persons of disreputable or harmful character.

"2. That the defendant shall report to Tinian Register as probation officer in this case, and shall be subject to the orders of the probation officer and the court.

"3. That the defendant shall not leave the jurisdiction of the court without its permission.

"4. That the defendant shall not indulge in intoxicating liquors, wines, or beer by drinking same or otherwise, or violate any law for a period of twelve months.

"5. That the court reserves the right to exercise its discretion in term or in vacation, and with or without notice to the defendant, to revoke this order suspending sentence of the defendant, and to require him to serve his sentence in terms of the law."

The evidence on the hearing of the revocation proceedings on July 24, 1953, showed, among other things, that, during the period of the probation sentence, the defendant was in a drunken condition at a picture show; that he was "cursing and carrying on . . . disturbing the people in the show" to such an extent that the manager called on an officer concerning it. The

officer threatened to lock up the defendant at that time, and finally had someone take the defendant home. This was sufficient evidence to sustain the revocation of the probation sentence on the part of the court. See *Sparks* v. *State,* 77 *Ga. App.* 22 (47 S. E. 2d 678), which is authority to the effect that the court did not abuse its discretion in the instant case in revoking the probation sentence. Slight evidence will support the judgment of revocation. See *Waters* v. *State,* 80 *Ga. App.* 104 (4) (55 S. E. 2d 677). There are many other decisions to the same effect, which we do not deem it necessary to cite here.

■ With reference to the exceptions pendente lite, these exceptions are so interrelated with the exceptions on the final judgment of revocation dealt with above that they need little comment. We might state in this connection, however, that the petition for the writ of habeas corpus to the Ordinary of Lowndes County stated that the order of July 3, 1953, was "absolutely null and void." We think counsel is correct in this respect. If the proceedings were null and void, they were a nullity. Being a nullity under the provisions of Code § 27-2705, they cannot be urged as a valid reason for the petition in conformity with the provisions of that section. There is no merit under the assignments of error in the exceptions pendente lite.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*