## 35503, 35504. PRICE v. THE STATE.

TOWNSEND, J. 1. These proceedings are to revoke the probationary features of two previous concurrent sentences for manufacturing and possessing liquor. One of the conditions of each probation is that the defendant shall commit no unlawful act. An allegation of the written petitions of the solicitor-general, on which the warrants issued under Code § 27-2705 are based, is to the effect that the defendant violated this provision of his sentences on April 16, 1954, by possessing illegal liquor. This transaction is further identified in the petitions as one on which an indictment was returned at the June, 1954, term of the Superior Court of Lamar County. The petitions further allege in substance that the defendant also violated the terms of his probation sentences since March 8, 1950, by being apprehended while in possession of non-tax-paid liquor and while under the influence of intoxicants. These allegations are sufficient, as against demurrer, to notify the defendant of the acts upon which revocation of his probation sentences is sought. See what is written in Jackson v. State, ante, pp. 291, 294 on motion for rehearing.

2. Under the provisions of Code § 27-2705, supra, the examination of the defendant to determine whether he has violated the conditions of his probation is conducted by the court without a jury. The quantum of evidence necessary to convince the court that a criminal act authorizing revocation has been committed is different from that on a trial of the defendant for such offense under an indictment charging him therewith. Allen v. State, 78 Ga. App. 526 (51 S. E. 2d 571). There is no merit in the contention that the defendant was entitled to a jury trial on the question of whether or not he had committed the subsequent unlawful acts charged, prior to revocation.

3. Where the defendant has received notice and the opportunity to be heard on the question of whether or not he has violated the probationary features of a sentence, and has been informed of the acts charged as being a violation of his probation, the proceeding cannot be defeated merely because some part of the petition of the solicitor-general seeking such revocation may be subject to special demurrer. Jackson v. State, supra.

4. The evidence at the hearing was ample to authorize the trial court to find that the defendant had violated his probation as alleged.

Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.

DECIDED JANUARY 21, 1955.

*W. E. Watkins, Alfred D. Fears,* for plaintiff in error.
*Hugh Sosebee, Solicitor-General,* contra.