37062. HARRINGTON *v.* THE STATE.

DECIDED MARCH 13, 1958.

R. L. LeSueur, Jr., R. L. LeSueur, for plaintiff in error.

Claude N. Morris, Solicitor, contra.

TOWNSEND, Judge. ■ Code § 26-6502 provides: "Any person who, by himself or another, shall keep, maintain, employ or carry on any lottery or other scheme or device for the hazarding of any money or valuable thing, shall be guilty of a misdemeanor." The accusation alleged that the defendant kept "a lottery known as bolita" and did not allege that the same was a scheme and device for the hazarding of money or other valuable thing. If this accusation is void, so that the defendant could admit the truth of every allegation therein and still not be convicted, a motion in arrest of judgment would lie. *Rambo v. State,* 25 *Ga. App.* 390 (103 S. E. 494); *Butts v. State,* 46 *Ga. App.* 174 (1) (167 S. E. 209); *Hilliard v. State,* 87 *Ga. App.* 769 (75 S. E. 2d 173). One cannot waive his right to insist on a trial on an indictment perfect in form and substance, take his chances of acquittal, and after conviction urge defects in the indictment which are not so great as to render it absolutely void. *Gravitt v. State,* 36 *Ga. App.* 301 (136 S. E. 829); *Foy v. State,* 40 *Ga. App.* 617 (150 S. E. 917). The defendant was accused of operating a lottery, and if it is possible to operate a lottery without hazarding money or other thing of value the objection might well be meritorious. But our courts have held at least twice that to constitute a lot-

tery there must be a union of consideration, prize and chance. See *Equitable Loan & Security Co.* v. *Waring,* 117 *Ga.* 599 (14) (44 S. E. 320, 62 L. R. A. 93, 97 Am. St. R. 177) ; *Barker* v. *State,* 56 *Ga. App.* 705 (193 S. E. 605). That the words "for the hazarding of any money or valuable thing" are not essential to the description of "lottery" is obvious from the language of Code § 26-501, which makes illegal the selling of tickets or chances "in any lottery, gift enterprise, or other similar scheme or device" without otherwise describing the lottery. It is pointed out in *Russell* v. *Equitable Loan & Security Co.,* 129 *Ga.* 154 (58 S. E. 881, 12 Ann. Cas. 129) that the two Code sections are to be construed together. Accordingly, while the accusation here may have been defective in form, it was not void so as to render it subject to a motion in arrest of judgment.

■ Under Code (Ann.) § 27-2714, the effect of a provision for a suspended sentence shall be construed as having the effect of probating the sentence. Code (Ann.) § 27-2713 provides in part as follows: "Any officer authorized by law to issue warrants may issue a warrant upon the fact being made known to the court by affidavit of one having knowledge of such fact, for the arrest of the probationer, returnable, forthwith before the court granting such probation. The court, upon the probationer being brought before it, may commit him or release him with or without bail to wait further hearing . . . the court as soon as may be practicable, shall give the probationer an opportunity to be fully heard on his own behalf, in person and by counsel. After such hearing the court may revoke, modify or continue the probation. If such probation is revoked, the court may order the execution of the sentence which was originally imposed . . . and no part of the time that the defendant has been on probation need be considered as any part of the time that he shall have been sentenced to serve." Accordingly, it was entirely proper for the affiant to go before the justice of the peace, an officer authorized by law to issue warrants, and for such officer to issue a warrant for the arrest of the probationer, returnable to the City Court of Americus. The affidavit and warrant were properly before the court. The court, after revoking the probationary feature of the sentence, was fully empowered to order the execution of the sentence originally imposed without crediting any

portion of the time during which the defendant had been on probation, the period of probation not having ended at the time the hearing for the purpose of revoking the same was held. These Code sections are a part of the Statewide Probation Act of 1956 (Ga. L. 1956, pp. 27, 32, 33) and there is no merit in the contention that here the new act did not apply for the reason that there was no circuit probation officer appointed by the State Board of Pardons and Paroles assigned to the defendant. Under Code (Ann.) § 27-2709, the court sentencing the defendant has jurisdiction of the probation features of the case and *may* refer the case to a circuit probation officer for investigation and recommendation prior to hearing, but the fact that the court has placed the defendant on probation without doing so does not mean either that the court is without jurisdiction to revoke the probation, or that the provisions of the Statewide Probation Act do not apply. These contentions are without merit.

■ The evidence shows that the defendant Mary Harrington operated an eating establishment known as Mary's Cafe, and that although she contended that she had turned it over to her daughter, Jessie Brown, to operate, the evidence showed that the license was in the defendant's name and both she and her daughter lived on the premises. At the time officers entered the cafe the defendant was standing back of the counter and was the only person in the room except for one customer; as they entered she turned off a light which was over her head; the officers found a container with moonshine whisky in a sink about 10 feet away from her, but which she might not have been able to see from the place where she was standing as they entered. They also found two or three gallons of illegal liquor in a trap in the floor of the room behind the cafe. The defendant and her daughter contended that the whisky as well as the cafe belonged to the daughter, and that the whisky had been brought in the night before without any knowledge thereof on the part of the defendant.

The quantum of evidence sufficient to justify the trial court in revoking a probationary sentence is less than that necessary to sustain a conviction in the first instance. *Allen* v. *State*, 78 *Ga. App.* 526 (51 S. E. 2d 571); *Price* v. *State*, 91 *Ga. App.* 381 (85 S. E. 2d 627). Where, after notice and hearing, the court revokes the probationary feature of the sentence, and there is some evi-

320

dence which would indicate that there had been a violation thereof, this court will not interfere unless a manifest abuse of discretion on the part of the trial court appears. *Olsen* v. *State,* 21 *Ga. App.* 795 (95 S. E. 269).

Judgment affirmed. *Gardner, P. J., and Carlisle, J., concur.*