20390. JOHNSON *v.* THE STATE.

MOBLEY, Justice. On January 13, 1958, the defendant pleaded guilty to a misdemeanor accusation charging him with carrying a concealed weapon in count 1, and carrying a pistol without a license in count 2. He was then sentenced to six months on each count, it being stipulated that the six-month sentence of count 2 was to follow that of count 1. On October 30, 1958, the defendant was arrested on a warrant based on affidavits charging him with violating the third condition of the suspended sentence in count 2, where it is stipulated: "He must not violate any laws of the State of Georgia." The warrant and affidavits charged the defendant with carrying a concealed weapon and carrying a pistol without a license in Lee County and with speeding in Sumter County. The defendant excepts to the overruling of his demurrer attacking the constitutionality of the probation act of 1956 (Ga. L. 1956, pp. 27, 32; Code, Ann., § 27-2713), and to the order revoking his probation. He contends that section 12 of the probation act is violative of article 1, section 1, paragraph 5 of the Constitution of Georgia (Code § 2-105), because it makes no provision for a trial by jury in the determination of whether or not the conditions of a probation order have been breached. *Held:*

The defendant's constitutional right to a trial by jury was not violated by the revocation of his probation, when, after a hearing, the trial judge decided that he had violated the terms

of the order granting probation. Although the constitutionality of the probation act of 1956, supra, has not before been ruled upon by this court, the probation act of 1913 (Ga. L. 1913, pp. 112, 114), the provisions of which in respect to revocation are substantially the same as those in the act in question, was held to be constitutional in *Williams* v. *State*, 162 *Ga.* 327 (1d) (133 S. E. 843), where it is stated: "Nor is the aforesaid act unconstitutional because in violation of art. 6, sec. 18, par. 1, of the Constitution of Georgia, because no provision is made for a trial by jury upon the hearing had to determine whether the parole shall be revoked." Probation is granted as a privilege, and not as a matter of right; and the revocation of the probation is punishment for the crime for which the defendant was convicted in the first instance. According to the terms of the probation, the privilege shall be terminated upon breach of the conditions of the probation order. Whether or not these conditions have been breached shall be determined by the court, in whose discretion the probation was granted. At the hearing to determine whether or not the probation should be revoked, the defendant was not on trial to determine whether or not he was guilty of carrying a concealed weapon, carrying a pistol without a license, or speeding. See State *v.* Everett, 164 N. C. 399 (79 S. E. 274; 47 L. R. A. (NS) 848), and People *v.* Dudley, 173 Mich. 389 (138 N. W. 1044). Although a hearing is required by the act whose constitutionality is being tested, and by decisions of this court rendered prior to enactment of the act (*Lester* v. *Foster*, 207 *Ga.* 596, 63 S. E. 2d 402), the defendant is not in the position of one accused by indictment, even though the probationary condition alleged to have been violated is the commission of a crime against the State. See People *v.* Kostaken, 16 Ill. App. 2d 395 (148 N. E. 2d 615), and Ex Parte Kuney, 168 Misc. 285, 308 (5 N. Y. S. 2d 644, 664). "A hearing of this character is not a trial on a criminal charge, but is a hearing to determine judicially whether the conduct of the defendant during the probation period has conformed to the course outlined in the order of probation. If the act which violated the probation should happen to be a criminal one, it does not thereby change the character of the hearing." *Sparks* v. *State*, 77 *Ga. App.* 22, 23 (47 S. E. 2d 678).

*Judgment affirmed. All the Justices concur.*

Submitted March 9, 1959—Decided April 9, 1959.

*Hollis Fort, Jr.,* for plaintiff in error.
*Claude N. Morris, Solicitor,* contra.