38345.   FAULKNER v. THE STATE.

*Archibald Farrar*, for plaintiff in error.

*Earl B. Self, Solicitor-General*, contra.

FRANKUM, Judge.   Only slight evidence is required to authorize the revocation of a sentence being served on probation. *Waters v. State*, 80 Ga. App. 104 (55 S. E. 2d 76); *Allen v. State*, 78 Ga. App. 526 (51 S. E. 2d 571).

The evidence charging the defendant with the offense of gambling on January 25, 1960, is entirely circumstantial, but was sufficient to authorize the trial judge to conclude that the defendant had committed the offense of gambling with cards.   The testimony revealed that officers with a search warrant raided a house and found, among other things, the defendant seated at a table with other persons.   Playing cards and sums of money were scattered across the table.   Circumstantial evidence may be used to show a violation of a probation.   In *Pacetti v. State*, 82 Ga. 297 (7 S. E. 867), a case requiring greater weight of evidence than the instant case, Judge Bleckley wrote of circum-

stantial evidence as follows: "A social, genial gentleman, fond of company and a glass, by occupation a cigar-maker, who keeps his sleeping apartment with the doors 'blanketed' in a fit condition for privately gaming therein, and who invites his friends at night to refresh themselves with beer, but has in the room, besides barrels and bottles, a table suitable for gaming, together with eleven packs of cards and two boxes of 'chips,' one containing eighty chips and the other three hundred, and a memorandum book with names and numbers entered in it, and whose guests, or some of them, retire hurriedly under the bed on being surprised by a visit from the police at one o'clock in the morning, may or may not be guilty of the offence of keeping a gaming-house. A verdict of guilty based on these and other inculpatory facts, such as the rattle of chips and money, and some expressions about seven dollars and twelve dollars heard by the police on approaching the premises, is warranted by the evidence, and is not contrary to law."

The evidence also was sufficient on the hearing for the judge to conclude that the defendant had engaged in a quarrel and affray in the City of Summerville in violation of a penal municipal ordinance of that city. In our opinion the evidence was sufficient to authorize the trial judge to conclude that the defendant had violated the aforesaid conditions of probation.

"When, after due notice, the trial judge conducts a hearing upon the question of revocation of a probationary sentence, he is not bound by the same degree of evidence as in the first instance, but has a wide discretion. Where there is some evidence to support the judgment revoking such probationary sentence, the judgment will be affirmed by this court." *Atkinson v. State,* 82 Ga. App. 414 (61 S. E. 2d 212).

*Judgment affirmed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*