41405. LANKFORD v. THE STATE.

SUBMITTED JULY 7, 1965—DECIDED SEPTEMBER 8, 1965.

*Vane G. Hawkins,* for plaintiff in error.

*Thomas W. Ridgway, Solicitor General,* contra.

NICHOLS, Presiding Judge. "The quantum of evidence sufficient to justify the trial court in revoking a probationary sentence is less than that necessary to sustain a conviction in the first instance. *Allen v. State,* 78 Ga. App. 526 (51 SE2d 571); *Price v. State,* 91 Ga. App. 381 (85 SE2d 627). Where, after notice and hearing, the court revokes the probationary feature of the sentence, and there is some evidence which would indicate that there had been a violation thereof, this court will not interfere unless a manifest abuse of discretion on the part of the trial court appears. *Olsen v. State,* 21 Ga. App. 795 (95 SE 269)." *Harrington v. State,* 97 Ga. App. 315, 319 (103 SE2d 126).

There was evidence adduced that the defendant was waiting on customers in a "truck-stop" restaurant located in Oconee County, that she agreed to make a cash pay-off if "free games" were won on a pin ball machine located therein, and that she actually did make a cash pay-off (using funds from the establishment's cash drawer) when twenty-three games were won. While there was contradictory evidence which would have exonerated the defendant from the charge of violating the terms of her probated sentence, the evidence authorized the finding of the trial court and such judgment will not be disturbed.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*