46412. ROWLAND v. THE STATE.

DEEN, Judge. The defendant was convicted on four counts of credit card fraud by presenting and representing that he was the holder of a Citizens & Southern Charge Card issued to Donald W. Resor, with which, by signing Resor's name to sales invoices, he obtained a tire, the value of 56 gallons of gasoline partly in gasoline and partly in cash, a rifle and ammunition, a pair of shoes, socks and a belt. He was acquitted on three counts of the indictment and the proof shows that he was ar-

rested on his eighth attempt to use the credit card for a proposed purchase of merchandise valued at $109. *Held:*

1. A cardholder as defined in *Code Ann.* § 26-1705 (a) means "the person or organization named on the face of a credit card to whom or for whose benefit the credit card is issued by an issuer." In the absence of prior construction of this language we hold it to mean that the word "cardholder" can refer only to the person named on the card. The wife of the cardholder Resor is not a cardholder although the issuer mailed duplicate credit cards to Donald W. Resor and a logical inference may be drawn from this fact that it impliedly consented for him to turn over one of the cards to his wife or such other person as he might desire to have access to his credit. A person so placed in possession of the card would have the right and áuthority to use the cardholder's credit in whatever manner was agreed between them, but would not have the right to impersonate the cardholder even though he might have been given authority to sign the cardholder's name, and he would have no right to sign the cardholder's name to the invoice unless such authority was given to him by the cardholder or on authority explicitly delegated by the cardholder. In the present case Resor did in fact give one of the credit cards mailed by the issuer to his wife without instructions of any kind as to its use. The wife loaned this card to the defendant to allow the defendant to purchase gasoline. She, however, placed no specific restrictions on its use by the defendant other than to exact his promise to pay her for what he charged. The court charged the jury: "The defendant contends that he had the consent and the authority of Mrs. Resor to use the credit card of Donald W. Resor in the manner in which he used it, and that he did not intend to defraud or obtain any unauthorized credit on such credit card and that he did not exceed the authority granted to him by Mrs. Resor. Now if you should find this to be the truth of the case you would acquit the defendant." The defendant enumerates error on the court's failure to go further and charge that Mrs. Resor could be the agent of Donald W. Resor, her husband, and thereby authorize the appellant's use of the credit card. We think the charge as given was more generous than that re-

quested, since under it the jury need only have found that the defendant did not exceed the authority granted him by Mrs. Resor without regard to the question of whether she was authorized as the cardholder's agent to grant such use. No reversible error appears.

2. A person is guilty of credit card fraud when with intent to defraud he obtains money or goods by representing without the consent of the cardholder that he is the holder of the credit card upon which the credit is extended. *Code Ann.* § 26-1705.4 (2). The defendant's position in this case is that he had no intent to defraud, that he intended to repay Mrs. Resor when he became able for whatever he purchased with the credit card, and that he understood from her relinquishing possession of the card to him that he had the right to represent himself as the holder. He does not contend that the named cardholder, Resor, had any knowledge of the transaction or gave him any authority to use the card, but we agree with the defendant that if he acted without intent to defraud and under the bona fide belief that he had a right to make the purchases in question he would not be guilty.

"A person will not be presumed to act with criminal intention, but the trior of facts may find such intention upon consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted." *Code Ann.* § 26-605. This statute simply reiterates the principle of law stated in *Patterson v. State,* 85 Ga. 131, 134 (11 SE 620, 21 ASR 152), that "when a statute makes an offense to consist of an act combined with a particular intent, that intent is just as necessary to be proved as the act itself, and must be found by the jury, as a matter of fact, before a conviction can be had." Does the defendant's use of the credit card sustain a finding of intent to defraud? He had no express authority to use it for anything except the purchase of gasoline. He had no express authority to sign the cardholder's name. However, the jury was authorized to find that on October 14 he purchased a rifle and signed Donald Resor's name to the invoice. He was then requested to fill out a Firearms Transaction Record and did so representing himself to be Donald W. Resor,

transferee, and as such answering eight questions required to be answered by the transferee on a Treasury Department form. Then, without waiting for the sale to be approved, he left the store hurriedly. The next day he attempted to make a large purchase at another store. The salesperson there called the Citizens & Southern Bank and talked with an employee whose attention had been called to the fact that a credit overcharge on the Resor account had already occurred. This witness then talked directly to Rowland on the telephone and Rowland represented to him that he was Resor, giving Resor's name, address, place of employment, number of children and name of wife. At no time did he admit to his own identity. Under these circumstances the jury was amply warranted in finding the defendant's use of the credit card was both unauthorized and with intent to defraud.

*Judgment affirmed. Bell, C. J. and Pannell, J., concur.*
ARGUED SEPTEMBER 7, 1971—DECIDED OCTOBER 1, 1971.

*Adams, O'Neal & Hemingway, Thomas W. Talbot, Manley F. Brown,* for appellant.
*Fred M. Hasty,* for appellee.