### 47459.   RAINWATER v. THE STATE.

QUILLIAN, Judge. This is an appeal from an order and sentence revoking the defendant's probation. In 1969 the defendant had pled guilty to several offenses and had received sentences which included imprisonment and time on probation. In March of 1972 a warrant was issued for his arrest to answer a charge of violation of

probation in that "subject has been placed on 12 months probation by the Pickens County Superior Court (10-20-71), for the offense of criminal trespass, after pleading guilty to the same." There is no showing as to whether this warrant was served upon the defendant. On April 27, 1972, the defendant was found guilty by a jury of the offense of burglary. However, the jury was unable to set the sentence and the trial judge assumed that task. See *Code Ann.* § 27-2534 (Ga. L. 1970, pp. 949, 950; 1971, p. 902). During this time the trial judge interrogated the defendant and his counsel with regard to the defendant's violation of the conditions of his previous probationary sentences. The trial judge stated that he previously had been the judge of record as to the sentences in question although he had not actually signed them. It was brought out that, as charged in the arrest warrant, the defendant had been in the Pickens Work Camp for criminal trespass. The trial judge then revoked the defendant's probation and sentenced the defendant to 15 years for burglary, 7 years to be concurrent with any sentence that he is now serving and 8 years under probation. *Held:*

On appeal to this court the defendant contends that the revocation of probation was erroneous since it was entered without notice to the defendant and without an opportunity for him to be heard as provided by law.

It is well settled that where a person is placed under a probation sentence, probation cannot be revoked without notice to the probationer and an opportunity to be heard on the question as to whether he violated its terms. *Lester v. Foster,* 207 Ga. 596 (63 SE2d 402). Of course, the hearing required need not meet the requisites of a jury trial; the proceedings may be informal or summary. *Johnson v. State,* 214 Ga. 818, 819 (108 SE2d 313); *Dutton v. Willis,* 223 Ga. 209, 211 (154 SE2d 221). On the hearing to determine whether the probation should be revoked, the judge is the sole trior of fact (*Faulkner v. State,* 101 Ga. App. 889 (115 SE2d 393)), and where

there is even slight evidence this court will not interfere with the revocation unless there has been an abuse of discretion. *Turner v. State,* 119 Ga. App. 117 (166 SE2d 582).

It is axiomatic that notice and a hearing constitute the fundamental requirements of due process and a failure to observe such prerequisites will not be countenanced. Nevertheless, here there was a clear showing that the defendant had violated the terms of his parole and no objection was made by either the defendant or his counsel as to the trial judge's conducting an investigation into this matter.

In a case very similar on its facts to the case sub judice this court held: "It appears from the record that the defendant was present at the hearing and was represented by counsel, and no objection was made at that time to the effect that the notice was insufficient, either as to length of time or in any other respect, to allow counsel to prepare his defense, nor was a continuance requested for this purpose. We must therefore assume that 'due notice' was in fact received by the defendant or that, in any event, the general appearance of the defendant by his counsel constituted a waiver of any irregularity therein." *Waters v. State,* 80 Ga. App. 104, 106 (55 SE2d 677). From the facts of this record, it seems apparent that the defendant waived any objection to any lack of notice or formality of hearing.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*
Submitted September 11, 1972—Decided October 24, 1972.

*Doyle C. Brown,* for appellant.
*Ben F. Smith, District Attorney, Herbert A. Rivers,* for appellee.