## 48554. RAINES v. THE STATE.

QUILLIAN, Judge. The appellant pleaded guilty to aggravated assault and was sentenced to five years in the penitentiary with the proviso that the sentence could be served on probation. The provisions of that sentence are that the defendant could continue to serve his sentence on probation if he: "does not violate the criminal laws of any governmental unit during said period, . . . complies with the provisions of the order of probation, . . . [and] make[s] restitution." Subsequently, a petition was filed for the revocation of the defendant's probation which alleged that the defendant was arrested and charged with two counts of theft by taking. A hearing was held and after considering the evidence the trial judge entered an order revoking the defendant's probation. The defendant then filed an appeal. *Held:*

The defendant contends that the revoking of the probation was not valid because there were no rules or regulations prescribed in the probated sentence. This contention is without merit. The probated sentence set out that the defendant would serve his sentence on probation provided the defendant "does not violate the criminal laws of any governmental unit during said period." This term or condition of probation was authorized by Code Ann. § 27-2711 (9) (Ga. L. 1956, pp. 27, 32; 1958, pp. 15, 23; 1965, pp. 413, 416). Therefore, the only issue presented is whether the evidence at the hearing was sufficient to warrant the action of the court in revoking the probationary sentence under Code Ann. § 27-2713 (Ga. L. 1956, pp. 27, 32; 1960, p. 857; 1966, p. 440).

" 'Probation is granted as a privilege, and not as a matter of right; and the revocation of the probation is punishment for the crime for which ,the defendant was convicted in the first instance.' *Johnson v. State,* 214 Ga. 818, 819 (108 SE2d 313); *Cross v. Huff,* 208 Ga. 392, 396 (67 SE2d 124). Probation of sentence '. . . comes as an act of grace to one convicted of a crime. . .' Escoe v. Zerbst, 295 U.S. 490, 492 (55 SC 818, 79 LE 1566)." *Sellers v. State,* 107 Ga. App. 516, 517 (130 SE2d 790).

"As to the sufficiency of the evidence to authorize revocation '. . . the trial judge is *not bound by the same rules of evidence* as a jury in passing upon the guilt or innocence of the accused in the first instance. . . The judge is the trior of the facts. He has a very wide discretion.' " *Sellers v. State,* 107 Ga. App. 516, 518, supra. See also United States v. Langley, 438 F2d 91, 92 (5th Cir. 1970).

This court will not interfere with a revocation unless there has been a manifest abuse of discretion. *Waters v. State,* 80 Ga. App. 104, 108 (55 SE2d 677). To authorize revocation of probation, only slight evidence is required (*Faulkner v. State,* 101 Ga. App. 889 (115 SE2d 393)) which need only be sufficient to satisfy the trial judge in the exercise of his sound discretion that defendant has violated the terms of his probation. *Blaylock v. State,* 88 Ga. App. 880 (78 SE2d 537). Evidence that would establish guilt beyond a reasonable doubt is not required. *Atkinson v. State,* 82 Ga. App. 414 (61 SE2d 212). The facts presented should reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation. United States v. Langley, 438 F2d 91, 92, supra.

The evidence was sufficient to authorize the trial judge to revoke the sentence.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

SUBMITTED SEPTEMBER 11, 1973 — DECIDED OCTOBER 15, 1973.

*Edge & Edge, John D. Edge,* for appellant.
*David N. Vaughan, Jr., District Attorney,* for appellee.