## 48743. HARPER v. THE STATE.

PANNELL, Judge. "Only slight evidence is required to authorize the revocation of a sentence being served on probation. *Waters v. State,* 80 Ga. App. 104 (55 SE2d 76); *Allen v. State,* 78 Ga. App. 526 (51 SE2d 571)." *Faulkner v. State,* 101 Ga. App. 889 (115 SE2d 393).

"When, after due notice, the trial judge conducts a hearing upon the question of revocation of a probationary sentence, he is not bound by the same degree of evidence as in the first instance, but has a wide discretion. Where there is some evidence to support the judgment revoking such probationary sentence, the judgment will be affirmed by this court." *Atkinson v. State,* 82

Ga. App. 414 (61 SE2d 212).

Nor is it necessary to show that the defendant has been charged or convicted of a crime for the acts constituting the violation of probation. *Wright v. State,* 88 Ga. App. 868 (78 SE2d 61); *Rowland v. State,* 124 Ga. App. 495 (184 SE2d 494); *Dickson v. State,* 124 Ga. App. 406 (184 SE2d 37).

The evidence was amply sufficient to authorize the revocation of probation in the present case.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED NOVEMBER 8, 1973 — DECIDED JANUARY 7, 1974.

*John D. Watkins,* for appellant.

*Richard E. Allen, District Attorney, Richard L. Powell,* for appellee.