### 49043. SCOTT v. THE STATE.

STOLZ, Judge.

The probationer appeals from the revocation of his probation. The enumeration of error is on the general grounds.

"The only question before us is whether the evidence in this case is sufficient to authorize the revocation of a probationary sentence under Code Ann. § 27-2713.

" '(Probation is granted as a privilege, and not as a matter of right; and the revocation of the probation is punishment for the crime for which the defendant was convicted in the first instance.)' *Johnson v. State,* 214 Ga. 818, 819 (108 SE2d 313); *Cross v. Huff,* 208 Ga. 392, 396 (67 SE2d 124). Probation of sentence ' . . . comes as an act of grace to one convicted of a crime. . .' Escoe v. Zerbst, 295 U. S. 490, 492 (55 SC 818, 79 LE 1566). 'The defendant stands convicted; he faces punishment and cannot insist on terms or strike a bargain.' Burns v. United States, 287 U. S. 216, 220 (53 SC 154, 77 LE 266).

"This does not mean that the probationer can be made the victim of whim or caprice. *Williams v. State,* 162 Ga. 327, 328 (133 SE 843); *Sparks v. State,* 77 Ga. App. 22, 24 (47 SE2d 678); Burns v. United States, 287 U. S. 216, 223, supra. Our statutes (Code Ann. § 27-2713 and former Code § 27-2705) expressly give him the right to notice and a hearing on the question of revoking probation. *Johnson v. State,* 214 Ga. 818, 819, supra; *Balkcom v. Gunn,* 206 Ga. 167 (56 SE2d 482). The failure to afford the probationer such notice and a hearing would render a revocation order void for lack of due process of law. *Lester v. Foster,* 207 Ga. 596 (63 SE2d 402). However, a hearing on a revocation ' . . . is not a trial on a criminal charge. . .' and the probationer has no right to a trial by jury. *Johnson v. State,* 214 Ga. 818, 819, supra. It is somewhat like an application for a change of venue,

which is 'of a civil nature.' See *Wilburn v. State,* 140 Ga. 138, 140 (78 SE 819).

"As to the sufficiency of the evidence to authorize revocation,' . . . the trial judge is *not bound by the same rules of evidence* as a jury in passing upon the guilt or innocence of the accused in the first instance. It is not necessary that the evidence support the finding beyond a reasonable doubt or even by a preponderance of the evidence. The judge is the trior of the facts. He has a very wide discretion.' (Emphasis supplied.) *Allen v. State,* 78 Ga. App. 526, 528-529 (51 SE2d 571); *Price v. State,* 91 Ga. App. 381 (2) (85 SE2d 627). This discretion '. . . takes into account the law and the particular circumstances of the case and is directed by the reason and conscience of the judge to a just result.' *Sparks v. State,* 77 Ga. App. 22, 24, supra. Only 'slight evidence' is required. *Faulkner v. State,* 101 Ga. App. 889 (115 SE2d 393). This court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court. *Waters v. State,* 80 Ga. App. 104, 108 (55 SE2d 677); *Atkinson v. State,* 82 Ga. App. 414, 416 (61 SE2d 212); *Harrington v. State,* 97 Ga. App. 315, 320 (103 SE2d 126). The reason for flexibility is obvious. The probationer '. . . is still a person convicted of an offense, and the suspension of his sentence remains within the control of the court. The continuance of that control, apparent from the terms of the statute, is essential to the accomplishment of its beneficent purpose, as otherwise probation might be more reluctantly granted, or when granted, might be made the occasion of delays and obstruction which would bring reproach upon the administration of justice.' Burns v. United States, 287 U. S. 216, 222, supra." *Sellers v. State,* 107 Ga. App. 516, 517 (130 SE2d 790).

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

Submitted February 11, 1974 — Decided March 15, 1974 — Rehearing denied March 29, 1974.

*Ben Lancaster,* for appellant.

*David N. Vaughan, Jr., District Attorney,* for appellee.