## 50767. MURRAY v. THE STATE.

Evans, Judge.

Defendant pleaded guilty to aggravated assault in the shooting of two persons, one of whom was his estranged wife who had a divorce suit pending against him. The sentence was probated, conditioned, among other things, that "the defendant abide by any court order in divorce case regarding Edna L. Murray." His probation was revoked, after a hearing for failing to pay child support. Defendant appeals. *Held:*

1. Since the divorce proceeding was not final, defendant contends the condition that he abide by any court order in the divorce case was invalid in that it was capable of modification at a term of court subsequent to the term at which sentence was imposed. But the order of the court was not modified or capable of being modified. It merely directed that defendant abide by any court order in the divorce case. One of the conditions of probation authorized by law is that the probationer "support his legal dependents to the best of his ability." The proviso that he abide by any divorce decree was not invalid. Nor is it vague or indefinite, as it comes within one of the conditions authorized by law for a probationer. See *Rowland v. State,* 124 Ga. App. 494, 495 (184 SE2d 494); *Raines v. State,* 130 Ga. App. 1, 2 (202 SE2d 253).

2. Defendant contends that the trial court erred in revoking the probation and refers to certain facts in regard to the reasons for doing so. A hearing was held and while defendant advised the clerk to omit nothing from the record on appeal, there is no transcript of the hearing

of revocation, and the clerk advises this court that no transcript of said hearing is in the record. Any and all questions requiring a review of the evidence to determine error in the revocation cannot be considered. *Davis v. State,* 117 Ga. App. 359, 360 (160 SE2d 670).

3. Whether or not any constitutional attack on the procedure here was raised during the hearing requires an examination of the evidence at the hearing, and since it is not available, this enumeration of error cannot be considered.

4. The original sentence which the defendant received, was to serve 10 years on two counts to run consecutively, or a total of 20 years. This sentence was dated June 3, 1974; hence the provision dated February 21, 1975, to serve 3 years and then report to the probation office to begin serving the balance of the probated sentence is more helpful to the defendant, and is not harmful since the entire sentence of 20 years could be ordered against him. Under these circumstances he cannot complain of the order to serve three years within the confines of the penitentiary, and then to serve the balance on probation. The judge is the trior of the facts, and unless there is manifest abuse of his discretion, this court will not interfere with a revocation of a probated sentence. *Raines v. State,* 130 Ga. App. 1, 2, supra; *Turner v. State,* 119 Ga. App. 117 (166 SE2d 582); *Rowland v. State,* 124 Ga. App. 494 (3), supra. Consequently, since we do not have the transcript of evidence before us, and a review of the evidence would be necessary to determine whether or not the order was otherwise void or invalid, we cannot reverse it.

5. Having considered each and every one of defendant's enumerations of error as best we can without the transcript, we find no error, and the judgment is affirmed.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED MAY 21, 1975 — DECIDED JUNE 18, 1975 — REHEARING DENIED JULY 7, 1975 —

*Al Bridges,* for appellant.

*Richard Bell, District Attorney, M. Randall Peek, Assistant District Attorney,* for appellee.