## 53058. BARLOW v. THE STATE.

Quillian, Presiding Judge.

This appeal is from a revocation of a probated sentence of defendant. In the original case defendant entered a plea of guilty to offenses of arson in the second degree and burglary, and was placed on five years probation. In this action an affidavit for warrant was issued charging the defendant with violating the terms of his probation in that he committed arson in the first degree. Defendant alleges the court erred in revoking the probated sentence and ordering him to serve three years of the original five year sentence. *Held:*

Code Ann. § 27-2713 (Ga. L. 1956, pp. 27, 32; 1960, p. 857; 1966, p. 440) establishes the procedure for revocation of probation. Cases applying this statute have been uniform in holding that the quantum of evidence sufficient to justify revocation of probation is less than that necessary to sustain a conviction for such offense. *Harrington v. State,* 97 Ga. App. 315, 319 (3) (103 SE2d 126); *Boston v. State,* 128 Ga. App. 576 (197 SE2d 504).

Only "slight evidence" is required to authorize revocation (*Harper v. State,* 130 Ga. App. 545 (203 SE2d 866)), and where there is any evidence supporting the offense charged as a violation of the probation an appellate court will not interfere with a revocation unless there has been manifest abuse of discretion. *Raines v. State,* 130 Ga. App. 1, 2 (202 SE2d 253).

A review of the record shows sufficient evidence to sustain the judgment of the court.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

SUBMITTED NOVEMBER 3, 1976 — DECIDED DECEMBER 3, 1976.

*Milton F. Gardner,* for appellant.

*Joseph H. Briley, District Attorney, Charles D. Newberry, Assistant District Attorney,* for appellee.