## 55098. PURGASON v. THE STATE.

BIRDSONG, Judge.

"Only slight evidence is required to authorize the revocation of a sentence being served on probation. [Cits.]" *Faulkner v. State,* 101 Ga. App. 889 (115 SE2d 393). "When, after due notice, the trial judge conducts a hearing upon the question of revocation of a probationary sentence, he is not bound by the same degree of evidence as in the first instance, but has a wide discretion." *Atkinson v. State,* 82 Ga. App. 414 (61 SE2d 212). "Nor is it necessary to show that the defendant has been charged or convicted of a crime for the acts constituting the violation of probation. [Cits.]" *Harper v. State,* 130 Ga. App. 545, 546 (203 SE2d 866). Finally, we note that "[p]robation is granted as a privilege, and not as a matter of right; and the revocation of the probation is punishment for the crime for which the defendant was convicted in the first instance." *Johnson v. State,* 214 Ga. 818, 819 (108 SE2d 313).

A state trooper testified, at the revocation proceeding, that he had observed appellant violating a number of traffic regulations, including: reckless driving; speeding; eluding arrest; driving while under the influence of alcohol. All of these actions ultimately resulted in a collision between appellant and several parked vehicles. At the time of the collision, a strong odor of alcohol was observed about appellant, who refused to submit to an intoximeter test, but admitted to drinking two beers. The terms of appellant's probation prohibited, inter alia, violation of the criminal laws of any governmental unit and alcoholic intoxication. The evidence amply supports the revocation of appellant's probation. *White v. State,* 138 Ga. App. 665 (227 SE2d 95).

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED JANUARY 17, 1978 — DECIDED FEBRUARY 9, 1978 — REHEARING DENIED MARCH 14, 1978 — CERT. APPLIED FOR.

*Ken Gordon,* for appellant.

*William F. Lee, Jr., District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.