## 55780. HARPER v. THE STATE.

BIRDSONG, Judge.

The appellant Harper was placed on five years' probation in July, 1975, following his conviction for burglary. In December, 1977, a revocation hearing was held based upon an allegation of theft by taking. The theft involved a chain saw taken from the cab of a small truck.

Witnesses testified at the hearing that Harper was seen in the presence of one Durden immediately after the chain saw was stolen. Harper and Durden were together when Durden requested a man named Moore to take them to a location where the saw could be sold. Although there was no direct evidence that Harper was involved in the theft of the saw, a police officer took a statement from Durden in which Durden confessed to stealing the saw, along with Harper. It is Harper's contention that Durden's confession is not sufficient to authorize the revocation of probation and if such confession is admissible against Harper as "some evidence," the revocation statute is violative of due process. *Held:*

Appellant's contentions as to the constitutionality of Ga. L. 1956, pp. 27, 32; 1960, p. 857; 1966, p. 440 (Code Ann. § 27-2713) have been decided adversely to him. *Johnson v. State,* 142 Ga. App. 124 (235 SE2d 550). See also *Johnson v. State,* 214 Ga. 818 (108 SE2d 313). As to the sufficiency of the evidence, this court repeatedly has held that the trial judge is not bound by the same rules of evidence as a jury in passing on the guilt or innocence of the accused in the first instance. The judge is the trier of facts. He has a very wide discretion. *Sellers v. State,* 107 Ga. App. 516, 518 (130 SE2d 790). See *Purgason v. State,* 145 Ga. App. 277 (243 SE2d 554). Only "slight evidence" is required to authorize revocation, and where there is any evidence supporting the prohibited criminal activity charged as a violation of the probation, this court will not interfere with the revocation of the trial court in the absence of a manifest abuse of discretion. Even in the absence of Durden's confession (which we consider as having probative value as some evidence under the relaxed procedure of a probation hearing), the circumstantial evidence was sufficient to warrant the revocation of the probation. See *Clay v. State,* 143 Ga. App. 361 (238 SE2d 724); *Patat v. State,* 142 Ga. App. 398 (236 SE2d 143); *Johnson v. State,* supra.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED May 15, 1978 — DECIDED JUNE 20, 1978.

*Griffith, Degonia & Payne, George W. Griffith,* for appellant.

*J. W. Morgan, District Attorney, William S. Sutton, Assistant District Attorney,* for appellee.