## 56361. DeFREESE v. THE STATE.

McMURRAY, Judge.

Defendant was convicted on a number of counts for violating the Georgia Controlled Substances Act. On January 31, 1975, she was sentenced to serve 10 years (as to one count), probated on payment of a $2,000 fine; five years (as to another count) concurrent to the above count, probated on payment of a $2,000 fine; and on another count, five years concurrent to the earlier counts, probated on payment of a $1,000 fine. The probated sentences contained general and special conditions among which was "[d]o not violate the criminal laws of any state, federal or any other governmental unit."

On November 10, 1977, an action was brought against her to revoke her probation for violating the terms and conditions of her probation. This petition for revocation of probation was later amended in which one of the charges against her was that on March 20, 1978, she did commit a criminal abortion upon a woman with the intention to produce a miscarriage or abortion "in violation of the terms and conditions of her probation, specifically condition No. 1 [do not violate the criminal laws of any state . . .]" A hearing was held on April 4, 1978, and on April 18, 1978, her probated sentence was revoked, and the defendant was required to serve six years and nine months remaining in the state penal system. Defendant appeals. *Held:*

The evidence contained in the hearing was sufficient to establish proof of a criminal abortion even though no trial or any other proceedings had been held with reference to that charge. The contentions of the defendant that to allow her to be imprisoned before there is a conviction on the pending charge or before there is a plea of guilty violates her due process rights has been determined adversely to her in a number of decisions of the Supreme Court of Georgia and this court. See *Johnson v. State,* 214 Ga. 818 (108 SE2d 313); *Johnson v. State,* 240 Ga. 526 (242 SE2d 53), affirming *Johnson v. State,* 142 Ga. App. 124 (235 SE2d 550); *Dickerson v. State,* 136 Ga. App. 885 (222 SE2d 649) and cits. None of the defendant's enumerations of error are therefore meritorious.

*Judgment affirmed. Quillian, P. J., concurs. Webb, J., concurs specially.*

Submitted September 5, 1978 — Decided October 23, 1978 — Rehearing denied November 14, 1978.

*Garland, Nuckolls, Kadish, Cook & Weisensee, Mark J. Kadish,* for appellant.
*E. B. Smith, District Attorney, Kenneth R. Waldrep, Assistant District Attorney,* for appellee.

Webb, Judge, concurring specially.

Although I consider preferable the views expressed in my dissenting opinion in *Dickerson v. State,* 136 Ga. App. 885 (222 SE2d 649) (1975), since a majority of this court are of different opinion, I must concur specially in affirming the judgment, though with reluctance.