## 62072. GREEN v. THE STATE.

McMURRAY, Presiding Judge.
This is a revocation of probation case. The defendant was convicted of aggravated assault and sentenced to serve a term of five years and placed on probation upon certain express conditions, one of which was not to receive, possess or transport any firearm as therein set forth as to type, which would apply to a weapon of any kind. A rule nisi was thereafter issued charging him with violation of this condition in that he did possess a firearm on a certain date and had committed the offenses of aggravated assault, pointing a pistol at another, terroristic threats, and reckless driving. After a lengthy hearing in response to the rule nisi for revocation of probation, the trial court determined that the defendant was guilty of violating the terms and conditions as charged and revoked a period of two years of his probated sentence providing that, "at the expiration or discharge . . ." the defendant again be released upon the terms and conditions

set forth in the original sentence. The defendant appeals. *Held:*

The testimony submitted by the state was that following a traffic incident with other individuals on foot, the defendant (unknown to the witnesses at that time) was in possession of a vehicle which was traced by the tag number and eventually determined to be driven by this defendant who had created a dangerous situation in driving the vehicle at a very high rate of speed under the circumstances, stopped when they yelled at him, cursed them, drove away and returned with a pistol, and approached the pedestrian witness and "turned it [the pistol] up toward me and told me that he'd put one in me if I walked any closer to him." This testimony was corroborated by the other witness against the defendant. Under the totality of circumstances the identification of this defendant was reliable, was not impermissibly suggestive, nor did it amount to a very substantial likelihood of irreparable misidentification. See *Bradley v. State,* 152 Ga. App. 902 (264 SE2d 332); *Payne v. State,* 233 Ga. 294, 297-302 (210 SE2d 775).

Further, only slight evidence is necessary to revoke a probated sentence. The quality or quantity necessary for revocation is not that demanded for conviction of a crime. There is no merit in the complaint that in revoking the probation the trial court was in error because there was insufficient credible evidence to legally warrant such a revocation. See *Faulkner v. State,* 101 Ga. App. 889 (115 SE2d 393); *Scott v. State,* 131 Ga. App. 504 (206 SE2d 137); *Dickson v. State,* 124 Ga. App. 406 (184 SE2d 37); *Bunn v. State,* 144 Ga. App. 879, 881 (3) (243 SE2d 105); *Sellers v. State,* 107 Ga. App. 516 (130 SE2d 790); *Boston v. State,* 128 Ga. App. 576 (197 SE2d 504); *Widner v. State,* 137 Ga. App. 244 (223 SE2d 278). See also *Johnson v. State,* 240 Ga. 526, 527 (242 SE2d 53), affirming s.c., 142 Ga. App. 124 (235 SE2d 550).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JUNE 18, 1981.

*G. F. Peterman III,* for appellant.
*Willis B. Sparks III, District Attorney,* for appellee.