## 60269. HUNTER v. THE STATE.

BIRDSONG, Judge.

Revocation of probation. Jeffrey Clinton Hunter was convicted of burglary and arson and placed upon first offender probation. While on probation, Hunter was accused of the additional offense of theft by taking. Following a hearing on that offense, the trial court revoked Hunter's probation and sentenced him to the penitentiary. This appeal followed asserting the general ground only. *Held:*

The judge was warranted in rendering his judgment on the following facts. On the afternoon of the offense involved, the victim of the theft was at a cab stand awaiting the next fare. The victim, a cab driver, was told by a third party that she had a fare outside at her cab. The driver went out and observed a thin young black male, who she identified as being the appellant. She drove the appellant to a location where he requested discharge. He gave her a $20 bill. The driver made change for the $20 from a small, plastic, bank-style money pouch. This pouch had not only money but some personal belongings of the driver. After giving the money to the young man and zipping closed the bag, the young man suddenly snatched the bag and ran. The driver radioed back to the cab stand and reported the theft. The third party who had originally told the driver that she had a passenger heard the transmission. He apparently reported that he knew the person who got into the cab as being the appellant, Clint (Hunter). At trial, he testified affirmatively to that fact. The police were then told by the third party the identity and name of the appellant. The owner of the cab company also testified that he saw the appellant get into the victim's cab just before the driver reported via radio that the theft had occurred. He (the owner) recognized the appellant because the appellant had been a passenger of his the night before. On the day following the theft, the appellant was arrested and placed in the rear of the police car and transported to jail. The day following the arrest, the arresting officer noticed some loose change in

the back seat of his car. Further examination revealed the money bag (with the cab driver's prescription still in it) stuffed down in the back seat. The arresting officer testified that no one other than the appellant had been transported in the vehicle's back seat from the time of the arrest until the money pouch was discovered. The appellant offered a general denial and evidence of an alibi.

We affirm. Only slight evidence of violation is required to authorize revocation, and where there is any evidence supporting the charge of violation, we will not interfere with a revocation unless there has been manifest abuse of discretion. *Weir v. State,* 145 Ga. App. 618, 619 (244 SE2d 123); *Barlow v. State,* 140 Ga. App. 667 (231 SE2d 561). While the issue of identification was in dispute, the trial court resolved that issue against the appellant, and the evidence is more than sufficient to support the judgment of the trial court. *Griffin v. State,* 237 Ga. 532 (228 SE2d 908).

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JULY 8, 1980 — DECIDED SEPTEMBER 25, 1980.

*Janney E. Sanders,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.