62048. RUTLEDGE v. THE STATE.

CARLEY, Judge.

Appellant appeals from the trial court's order revoking his probation. The rule nisi served upon appellant alleged as one of the grounds for revocation that "[o]n 12/12/80 probationer committed the offense of Arson, First Degree." The state's evidence at the revocation hearing included the testimony of a neighbor of appellant

who stated that at about the time the fire was discovered, the witness saw appellant going away from the burning house. The same witness testified that later during the evening of the fire appellant stated that he was going to set all the houses on fire. There was also testimony to the effect that earlier in the day the appellant was observed breaking up furniture in the house which burned which was a dwelling leased to appellant. A police detective and a fire inspector testified that in the house which burned, which was a dwelling leased to appellant, the living room contained a pile of what appeared to be the remains of furniture which had been stacked up. Also observed was a rolled up piece of paper which, in the fire inspector's opinion, was used to start the fire. It was also the fire inspector's opinion that the fire was deliberately started.

1. Appellant contends that the reasons for revocation as set forth in the rule nisi did not constitute sufficient notice of the basis upon which the revocation was sought. The allegation concerning appellant's commission of first degree arson "was ample to put him on notice and meets requirements of due process." *Hubbard v. State,* 139 Ga. App. 336 (228 SE2d 362) (1976).

2. Appellant also argues that the evidence presented at the revocation hearing was insufficient to authorize the order revoking his probation. "Only slight evidence of violation is required to authorize revocation, and where there is any evidence supporting the charge of violation, we will not interfere with a revocation unless there has been manifest abuse of discretion." *Hunter v. State,* 155 Ga. App. 864, 865 (274 SE2d 36) (1980). In this case we conclude that the evidence was ample and that there was no abuse of discretion. Appellant's evidentiary contentions are meritless.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JULY 9, 1981.

*Bobby Bearden,* for appellant.

*Willis B. Sparks III, District Attorney, Virgil Adams, Thomas J. Matthews, Assistant District Attorneys,* for appellee.