68107. WIGGINS v. THE STATE.

McMURRAY, Chief Judge.

Defendant was indicted and convicted (guilty but mentally ill) of aggravated assault and of a terroristic threat for which she received equal concurrent sentences. Defendant appeals following the denial of her motion for new trial. *Held:*

1. The aggravated assault count was connected with an occurrence on May 6, 1982, at which time Captain Johnson of the Richmond County Sheriff's Department, together with Secret Service agents, were attempting to arrest defendant for having made threats against the life of the President of the United States and other public officials. Following this arrest defendant was committed to the Georgia Regional Hospital by the Probate Court of Richmond County acting upon an affidavit submitted to the probate court by Captain Johnson and another. Defendant's mental illness was diagnosed as paranoid schizophrenia.

The terroristic threat count was predicated upon an incident on March 14, 1983, when a Federal Bureau of Investigation (FBI) agent listened to several messages recorded on a telephone answering device in the FBI office in Augusta, Georgia. The voice, identified by the State's witnesses as that of defendant, expressed the following message recorded on the telephone answering device: "This is Sara June Wiggins [the defendant] . . . stop this harassment or there's something going to happen in Augusta, and I'm not going to be the one

drug off this time. And I'm going to kill Capt. Gene Johnson of the Augusta Police Department [sic] for harassment. Do you understand me? I'm tired of not being protected. I was brought back to this damnable country and I'm tired of not being protected. Now protect me from these rodents or I'm going to kill Capt. Gene Johnson. Do you hear me?" Defendant contends that there is insufficient evidence to support her conviction of a terroristic threat.

The State has presented clear evidence that in a taped telephone communication the defendant threatened to commit a crime of violence in regard to Captain Johnson. However, the evidence is less clear as to the question of whether the threat was made "with the purpose of terrorizing another." See OCGA § 16-11-37 (a). The indictment alleges that the threat was made for the purpose of terrorizing Captain Johnson, yet the threat was directed to the FBI rather than to Captain Johnson or the Richmond County Sheriff's Department. That the message was not directly communicated to the victim would not alone preclude a conviction where the threat is submitted in such a way as to support the inference that the speaker intended or expected it to be conveyed to the victim. There is nothing in the content of the message which would indicate any intent that the message be conveyed to Captain Johnson. Nor is there any evidence as to a relationship between the FBI office in Richmond County and the Richmond County Sheriff's Department which would suggest the FBI as a conduit for a message to Captain Johnson other than the fact that law enforcement agencies may be expected to display some spirit of cooperation.

We also note the conditional nature of the defendant's threat in that it is conditioned on continued harassment by Captain Johnson (albeit the record shows no misconduct by Captain Johnson but that the defendant has a record of mental illness). The gravamen of the message considered as a whole reflects an intent to secure protection from harassment by Captain Johnson (once again, we point out that the record shows no misconduct by Captain Johnson). Indeed, the State acknowledges in its brief that defendant "did apparently in good faith believe that Captain Johnson was persecuting her when she phoned in the death threat to the F.B.I. office."

Considering together the identity of the party to whom the message was directed, the conditional nature of the message, and the evidence as to the defendant's history of mental illness, including paranoia, we conclude that a rational trier of fact could not reasonably determine under the evidence presented in this case that the State has proven beyond a reasonable doubt an intent on the part of the defendant to terrorize Captain Johnson. As a reasonable doubt remains as to this issue the verdict of guilty was not authorized as to the offense of a terroristic threat. Jackson v. Virginia, 443 U. S. 307

(99 SC 2781, 61 LE2d 560).

2. Defendant's civil commitment due to her mental illness does not bar subsequent criminal prosecution even though the evidence as to the same incident which is the basis of the criminal charge was considered in conjunction with the civil commitment. Jeopardy in the constitutional sense is the risk associated with proceedings intended to authorize criminal punishment. Breed v. Jones, 421 U. S. 519, 528-529 (95 SC 1779, 44 LE2d 346). Accord *Alexander v. State*, 129 Ga. App. 395, 397 (2) (199 SE2d 918); *Anderson v. State*, 250 Ga. 500 (300 SE2d 163); *Middlebrook v. Allen*, 234 Ga. 481 (216 SE2d 331); *Wood v. State*, 142 Ga. App. 203, 204 (4) (235 SE2d 648). We find no merit in this complaint as to the claim of former jeopardy.

3. Defendant contends the trial court "erred in charging the jury on insanity, right from wrong test, mental delusion and mentally ill under a plea of not guilty." Defendant argues that the evidence did not authorize a charge on these issues. Any error in this regard is at most harmless error. *Smith v. State*, 249 Ga. 228, 232 (290 SE2d 43); *Kirkland v. State*, 166 Ga. App. 478, 482 (2) (304 SE2d 561).

*Judgment affirmed as to conviction and sentence for the aggravated assault count; reversed as to conviction and sentence for the terroristic threat count. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 26, 1984.

*O. L. Collins*, for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.