## 69366. TOWNSEND v. THE STATE.
(326 SE2d 569)

McMURRAY, Presiding Judge.

The defendant was accused of hunting on the land of another without permission. More specifically, the accusation charged that on March 20, 1983, the defendant hunted "on the land of Dr. Miller S. Bell without his permission contrary to the laws" of this State. Upon the trial of the case, the defendant was convicted by a jury.

On the day in question, Marion Nelson, a Department of Natural Resources conservation officer, observed the defendant on "the Bell property" in Wilkinson County, Georgia. The defendant was dressed in camouflage and he was carrying a loaded shotgun wrapped in camouflage tape. Because he suspected the defendant was hunting wild turkeys out of season, Nelson confronted the defendant and removed the shells from his shotgun. Following a heated discussion, Nelson gave back the defendant's shells and the defendant left the premises. Two days later, a warrant was issued for the defendant's arrest.

The only witness presented by the State was Marion Nelson. He

testified that he spoke with Dr. Miller S. Bell (who lived in Dallas, Texas) and he asked Bell whether the defendant had permission to hunt on the property. Nelson averred he was told by Bell that the defendant had not been given permission to hunt there. Nelson testified further that he furnished Bell with a form affidavit which the Department of Natural Resources used to ascertain who has permission to hunt on an owner's land; that Bell completed the affidavit and sent it back to Nelson; and that the affidavit was filed in the Wilkinson County Superior Court clerk's office.

The affidavit was executed by Bell in Dallas, Texas, on April 18, 1983. It was admitted in evidence without objection. In pertinent part, the affidavit states the following: "I am the owner and duly authorized agent of the co-owner of the land in Wilkinson County, Georgia, described in the deed/plat/survey, a copy of which is attached hereto as Exhibit 'A' . . . I have granted permission to or am willing to allow the people named in Exhibit 'B' attached hereto . . . to hunt/fish on any part of said land . . . Any person not named on Exhibit 'B' does not have my permission to hunt/fish from said land. I will consider any person not listed who is found engaged in such activity(ies) on said land to be a trespasser . . . ."

Exhibit A is a deed conveying certain Wilkinson County property from Mrs. Margarette Napier Bell and Frank W. Bell, executors of the estate of Mrs. Margarette Crawford Napier, to Miss Elizabeth Reed Napier, Mrs. Mildred Napier Beauregard, and Mrs. Margarette Napier Bell, for and during their natural lives, the remainder, in fee simple to the children or lineal descendants of Mrs. Margarette Napier Bell. Exhibit B lists the "[p]ersons licensed to hunt on [the] property in [the] 1982-1983 season (August 25, 1982 thru May 5, 1983)." Included on the list are the following names and descriptions of other persons authorized to hunt and fish on the property: Miller S. Bell (owner), Margaret Cooper (owner) and Douglas Chambers (farm manager). The defendant's name does not appear on Exhibit B.

The defendant represented himself at trial and he testified in his own behalf. He asserted he "wasn't hunting anything" and "just was out checking on [his] hogs." He admitted that he did not have Bell's permission to hunt on the property on March 20, 1983, and that after he was accused he paid Bell $500 and received permission to hunt on the land. He insisted, however, that he previously had permission to hunt on the property from "Mr. Chambers."

Following his conviction, the defendant obtained counsel and moved for a new trial alleging, inter alia, the general grounds. The motion was denied and the defendant appealed. *Held*:

At the time of the incident in question, OCGA § 27-3-1 (a) read as follows: "It shall be unlawful for any person to hunt upon the lands of another or enter upon the lands of another in pursuit of wildlife,

with or without a license, without first obtaining permission from the landowner or lessee of such land or the lessee of the game rights of such land." (Effective July 1, 1984, this Code section was amended to obviate the permission requirement where a person is a member of the family of the owner, lessee or lessee of the game rights.) Thus, in order to convict a person of hunting on the land of another without permission, it is incumbent upon the State to prove that permission to hunt was not obtained from the landowner, lessee, or lessee of the game rights. See generally *Blassingame v. State*, 11 Ga. App. 809 (76 SE 392).

Assuming, arguendo, the affidavit of Dr. Bell sets forth sufficient facts to establish that he is an owner, and an agent of the co-owner, of the property (see in this connection OCGA § 44-2-20), and pretermitting any questions concerning the probative value of such an affidavit in a criminal case, we must hold that the State failed to demonstrate that the defendant violated OCGA § 27-3-1 (a). The defendant testified that he had permission to hunt on the property from Mr. Chambers. Although the State proved that the defendant did not obtain permission from one of the owners, there was no showing that Chambers was not authorized by Dr. Bell (or the co-owner, or a lessee of the property or a lessee of the game rights) to give permission to the defendant to hunt on the land. In other words, the State failed to prove that Dr. Bell was the only person who was empowered to give permission to hunt on the land. We cannot say, therefore, that the evidence was sufficient for a rational jury to reasonably find the defendant guilty beyond a reasonable doubt of hunting on the land of another without permission. See *Wiggins v. State*, 171 Ga. App. 358, 359 (319 SE2d 528).

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 30, 1985.

*Eva L. Sloan*, for appellant.
*Joseph H. Briley*, District Attorney, *Alberto C. Martinez, Jr.*, *Assistant District Attorney*, for appellee.