43305. BURKHALTER et al. v. THE STATE.
(347 SE2d 588)

SMITH, Justice.

A judge on the Floyd Superior Court found the appellants guilty of hunting upon the lands of another without permission, and sentenced them to thirty days in jail suspended upon payment of a fine of $100 each. The appellants raise seven issues on appeal.[1] We reverse.

Rick Cissel discovered the appellants bow hunting on property owned by Dr. Cauthen. Dr. Cauthen had leased hunting rights to the

---

[1] The appellants have challenged the constitutionality of OCGA § 27-3-1, vesting jurisdiction in this court. We do not, however, reach this issue.

23-acre tract to Rick's father, Jack Cissel. The Cissels had not given permission to the appellants to hunt on the property.

The appellants intended to participate in a bow hunt sponsored by the Georgia Department of Natural Resources on property owned by Berry College which abutted Dr. Cauthen's property. At trial, they asserted the defense that they did not intend to hunt on the property owned by Dr. Cauthen. One appellant testified that they did not have proper licenses to hunt on private property on the day in question.

OCGA § 27-3-1 states, "It shall be unlawful to hunt upon the lands of another . . . without first obtaining permission of the landowner or lessee of such property or the lessee of the game rights of such land." First, the state must show under this statute that the defendant hunted upon lands of another. Testimony by Cissel and one of the defendants established that the three appellants all hunted on lands in which they had no interest.

Next, the state must negate the disjunction that the landowner or the lessee or the lessee of the game rights gave permission to hunt on the land. This requires a showing that the landowner did not give permission, the lessee (if extant) did not give permission, and the lessee of the game rights (if extant) did not give permission.[2]

Here, the state only proved that the lessee of the game rights did not give the appellants his permission to hunt on the property.

No evidence appeared relating to the existence of a lessee other than the lessee of the game rights of the 23-acre tract. The only evidence relating to the question of whether Dr. Cauthen gave the appellants permission to hunt on the property was one appellant's testimony that they had not intended to hunt on private property because they did not have the appropriate hunting license to hunt on such property. We find this evidence insufficient to support a conviction under OCGA § 27-3-1. *Townsend v. State*, 173 Ga. App. 389 (326 SE2d 569) (1985).

*Judgment reversed. All the Justices concur, except Weltner, Bell, and Hunt, JJ., who concur in the judgment only.*

DECIDED SEPTEMBER 3, 1986.

*Albert F. Burkhalter, Jr.*, for appellants.
*Stephen F. Lanier, District Attorney*, for appellee.

---

[2] The negation of a disjunction may only be accomplished by showing that each disjunct is false.